**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Ronald BURWELL, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 8, 2010.
Filed March 1, 2012.

Nicole D. Sloane, Public Defender, Erie, for appellant.

Robert A. Sambroak, Jr., Assistant District Attorney, Erie, for Commonwealth, appellee.

BEFORE: PANELLA, ALLEN, and LAZARUS, JJ.

OPINION BY LAZARUS, J.:

Ronald Burwell appeals from his judgment of sentence imposed after a jury found him guilty of aggravated assault[1] (causes serious bodily injury) for twice striking the victim, a caretaker at the Erie County Amtrak station, in the face and wrist with an electric guitar.[2] The victim suffered a broken wrist and cracked eye socket; he required seven stitches as a result of the incident and suffered numbness on the left side of his face for two months following the assault. At the time of trial he was still suffering facial tenderness.

The Honorable Shad Connelly applied the deadly weapon enhancement[3] and sentenced Burwell to a high-end standard-range sentence of 120–240 months'[4] imprisonment (with credit for time served), with costs and restitution to the victim in the amount of $2,800 for lost wages.[5] Burwell filed a post-sentence motion asking the court to reconsider/reduce his sentence. Burwell filed post-sentence motions which were denied on June 8, 2009, without a hearing or accompanying Rule 1925(a) opinion, by the trial court.

On July 1, 2009, Burwell filed a timely notice of appeal; at the same time counsel filed a statement of intent to file an *Anders/McClendon*[6] brief, in lieu of a Pa.

1. 18 Pa.C.S.A. § 2702(a)(1).

2. The jury acquitted Burwell of criminal trespass.

3. *See generally* 204 Pa.Code § 303.10(a) (Guideline sentence recommendations: enhancements). The sentencing enhancement for crimes in which a deadly weapon is used raises the standard minimum range to 102–120 months' imprisonment. 204 Pa.Code § 303.18. Here, the standard minimum sentence Burwell could have received (without the enhancement) as an RFEL (Repeat Felony 1 and Felony 2 Offender) was 84–102 months' imprisonment.

4. Burwell's aggravated assault conviction under 18 Pa.C.S.A. § 2702(a)(1) is graded as a first-degree felony. 18 Pa.C.S.A. § 2702(b). The statutory maximum sentence for a felony of the first degree is 20 years. *See* 18 Pa. C.S.A. § 1103(1). Because Burwell was not sentenced beyond the statutory maximum sentence of 20 years, the protections extended by *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), are not triggered. *See United States v. Williams*, 235 F.3d 858 (3d Cir.2000); *see also Commonwealth v. Lowery*, 784 A.2d 795 (Pa.Super.2001) (where defendant's sentence for aggravated assault under section 2702(a)(1) was less than half the statutory maximum for first-degree felonies, *Apprendi* did not apply).

5. As a result of his injuries from the attack, the victim was out of work for 59 days.

6. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981).

R.A.P. 1925(b) statement, declaring his intent to withdraw on direct appeal after finding there were no non-frivolous issues. *See* Pa.R.A.P. 1925(c)(4). Burwell has filed a supplemental *pro se* appellate brief raising five issues.[7] Judge Connelly indicated that "No Memorandum Opinion [would] be filed" for purposes of appeal in contravention of our Rules of Appellate Procedure. *See* Pa.R.A.P. 1925(a)(1) (requiring trial judges to "forthwith file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found.").

Because we conclude that non-frivolous issues have been raised on appeal, we remand again for counsel to prepare an ad-vocate's brief, in accordance with the dictates of this decision, and deny her petition to withdraw.

**Discussion**

This case presents a tortured appellate procedural history. In a prior memorandum decision, our Court remanded this case to Judge Connelly for the preparation of a Pa.R.A.P. 1925(a) opinion [8] to explain, among other things, his explanation for imposing Burwell's sentence and to address Burwell's multiple claims of trial court error with regard to denial of due process (failure to give a jury charge for simple assault; failure to participate in jury selection; failure to depose opposing parties). *Commonwealth v. Burwell*, 1111 WDA 2009, 996 A.2d 536 (Pa.Super.) (unpublished memorandum decision) (filed

---

7. Pursuant to *Anders, supra,* an appellant may file a *pro se* brief raising points in addition to those in counsel's *Anders* brief. Burwell has raised the following issues in his *pro se* brief:

 (1) Did the Commonwealth fail to disprove the appellant's claim of self-defense beyond a reasonable doubt?

 (2) Did the Commonwealth fail to prove every element of the offense of aggravated assault beyond a reasonable doubt, in where the element of "manifesting extreme indifference to human life" toward the alleged victim and also the element of "intent to cause serious bodily injury" toward the victim is proven not to be so by the testimony given at trial and in police reports?

 (3) Was the appellant's due process rights violated when a magistrate judge appointed council [sic] for the appellant who at the time was running for public office for the judge's seat and also works out of the same office as the magistrate in order to work against the appellant to get a conviction for the prosecution, making it impossible for the appellant to receive a fair trial?

 (4) Did the trial court abuse its discretion where in factual circumstances and circumstances that did not pertain to the case, were considered when determining the high and low end of the sentence? Furthermore, did the court consider all aggravated circumstances and no mitigating circumstances that obviously existed?

 (5) Did the prosecuting attorney give false accusations and testimony during closing arguments that was not brought up during the trial process, also before the start of the trial did a fire alarm go off and the jury observe the appellant in custody, and was a uniform corrections officer from the jail seated directly behind the appellant throughout the entire trial process, further indicating that the appellant was in custody, causing the jury to be prejudice[d] and bias[ed] against him?

 (6) The trial court erred in that when instructing the jury on the content of serious bodily injury the judge made the statement that, "Now under the circumstances it appears that the injuries suffered by [the victim] constitute serious bodily injury." This statement made the jury feel obligated to agree with that information instead of determining that information on their own, violating trial procedure, and the appellant's right for this information decided by a jury instead of the judge.

8. Because the trial court denied Burwell's post-sentence motion without holding a hearing, we have no testimony from which to deduce the court's rationale.

March 4, 2010). Finally, and most importantly, we specifically instructed Judge Connelly to address Burwell's weight of the evidence claim, *a claim which this Court may not decide based upon the cold record. Id.* at 2.

The trial court then returned the record to this Court, indicating that it is "unnecessary and would be an exercise in futility for [it] to file an Opinion in this case as to the fifteen (15) issues which appellate counsel has conceded lack merit and are frivolous." Trial Court Opinion, 3/10/2010. In addition, the trial judge instructed us that it is *"incumbent upon the appellate court to review [counsel's Anders/McClendon]*[9] *brief and, then and only then if it believes there are arguably meritorious issues, remand for a 1925(b) Statement and lower court Opinion." Id.* (emphasis in original).[10]

In response to the trial court's opinion, our Court issued a memorandum decision, which ultimately remanded the matter once again, stating:

In fact, "once counsel has satisfied the first two requirements to withdraw under *Anders,* it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, *wholly frivolous." Commonwealth v. Wright,* 846 A.2d 730, 736 (Pa.Super.2004) (emphasis added).

Despite the trial court's belief that it is incumbent upon this Court to first review all claims raised by counsel and Burwell and then find that there are any "arguably meritorious issues" before we may return this case to the trial court, the court's stated standard is, in fact, incorrect. Much has been said regarding the distinction between the standard applied when withdrawing under *Anders* (on direct appeal) and withdrawing under *Turner/Finley* (on collateral appeal). The main difference being that a defendant is *entitled* to counsel on direct appeal; as a result the standard to withdraw is more stringent. *See Commonwealth v. Wrecks,* 931 A.2d 717 (Pa.Super.2007). It requires that counsel and the reviewing court determine that the issues raised are "wholly frivolous." *Wright, supra.* This is a higher standard to prove than showing that something has no merit. *Commonwealth v. Harris* [381 Pa.Super. 206], 553 A.2d 428 (Pa.Super.1989) ("the 'no-merit letter' requirements are clearly

---

**9.** In *Commonwealth v. Santiago,* 602 Pa. 159, 978 A.2d 349 (2009), the Pennsylvania Supreme Court altered the requirements for withdrawal under *Anders* to include counsel's reasons for concluding the appeal is frivolous. The Court explained that the requirements set forth in *Santiago* would apply only to cases where the briefing notice was issued after the date that the *Santiago* opinion was filed, which was August 25, 2009. As the briefing notice in the case was issued on July 20, 2009, and, therefore predates *Santiago,* its requirements are inapplicable here.

**10.** With regard to withdrawal under *Anders,* counsel must first file with the court a petition for leave to withdraw averring that, after making a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. *Commonwealth v. Nischan,* 928 A.2d 349, 352 (Pa.Super.2007). The conscientious examination aspect of this requirement ensures that counsel carefully assesses the entire case for any available claims. In short, this mandate guarantees the appellant effective representation by counsel in the course of evaluating the appeal. *Id.* The second requirement under *Anders* is that counsel must file what is known as an *Anders* brief distinct from the petition to withdraw. *Id.* In a proper *Anders* brief, counsel sets forth the issues that the appellant wants to pursue as well as any other claims that might be necessary for the effective appellate presentation of those issues. Implicit in this requirement is counsel's obligation to consult with the appellant to identify what the appellant's desired claims are. *Id.*

intended to be less arduous and formalistic than the *Anders* brief requirements[.]").

Therefore, in light of the correct standard, and mindful of our role to review the issues raised on appeal, we remain compelled to deny counsel's petition and remand. We cannot say with certainty that there are no non-frivolous issues raised by Burwell or counsel. *Wrecks, supra.* Because of that finding, we remand this case for counsel to prepare a Rule 1925(b) statement of matters complained of on appeal and an advocate's brief and for the trial court to prepare a thorough Rule 1925(a) opinion addressing the issues counsel raises in his Rule 1925(b) statement.

Motion to withdraw denied. Case remanded with instructions. Jurisdiction relinquished.

*Commonwealth v. Burwell,* 1111 WDA 2009, 4 A.3d 701 (filed June 28, 2010) (Pa.Super.2010).

Subsequently, the Public Defender filed an "Application for Relief Invoking Plenary Jurisdiction" with the Pennsylvania Supreme Court seeking that the Supreme Court remand the case to our Court "to satisfy the panel's responsibility of making a full examination of the proceedings and an independent judgment as to whether the appeal is in fact wholly frivolous." The Supreme Court denied the application on August 5, 2011. On November 7, 2011, defense counsel filed a Pa.R.A.P. 1925(b) statement of matters complained of on appeal in compliance with our prior memorandum decision. In the Rule 1925(b) statement, counsel raised 17 issues.[11] Subsequently, the trial court issued a one-paragraph "Memorandum Opinion" stating:

**11.** Specifically, counsel raised the following issues:

(1) Appellant was sentenced to an illegal sentence when the court awarded restitution in the amount of $2,800 for lost wages;

(2) The court erred when it applied the deadly weapon enhancement for a guitar;

(3) There was insufficient evidence to support the serious bodily injury element of aggravated assault because the evidence to support the allegation of serious bodily injury included only the victim's testimony;

(4) Appellant was penalized by a harsher sentence for exercising his constitutional right to a jury trial;

(5) The Court erred when it increased Appellant's sentence based upon Appellant's refusal to provide information for the presentence investigation;

(6) In fashioning Appellant's sentence, the Court failed to consider that there were significant periods of time that Appellant was crime-free;

(7) The Court erred by considering a 2006 conviction for battery when fashioning Appellant's sentence because Appellant was never convicted of the battery and there was no injury involved in the incident for which he was charged;

(8) The Court erred when it considered Appellant's juvenile record in fashioning his sentence;

(9) The Court erred when it considered in fashioning the sentence the failure of defense counsel to appear for sentencing;

(10) The Court erred when it considered inaccurate information on the presentence investigation report when fashioning Appellant's sentence;

(11) Appellant is entitled to a new trial after the Court failed to give a jury instruction for the crime of simple assault;

(12) Appellant is entitled to a new trial after Appellant was denied the opportunity for depositions;

(13) Appellant is entitled to a new trial after he was denied the opportunity to participate in the selection of the jury;

(14) Appellant is entitled to a new trial because he was denied the opportunity to examine the audio tape, guitar and jacket prior to trial;

(15) Appellant is entitled to a new trial because the District Attorney told the jury during closing argument that Appellant stated, "you want aggravated assault … there, that's aggravated assault" when this was not an accurate statement;

(16) Appellant is entitled to a new trial because the jury observed Appellant being escorted out of the courtroom and onto the elevator and was therefore made aware that Appellant was in custody; and

(17) Appellant's rights were violated when the question of serious bodily injury was

As to defense counsel's Statement of Matters Complained of on Appeal[1] which the Pennsylvania Superior Court ordered her to advance in its Memorandum filed June 8, 2010, all of these issues were appropriately, cogently, and accurately addressed with cites to the record and law in the *Anders* Brief for appellant filed by defense counsel on August 31, 2009.

> n.1 These are the issues the Defendant raised *pro se* on appeal even though he was represented by counsel, and the Pennsylvania Superior Court, in clear contravention of the Pennsylvania Supreme Court's holding in *Commonwealth v. Devine* as to hybrid representation and *pro se* filings by a defendant, directed defense counsel to advance those *pro se* issues against her informed judgment.

Trial Court Memorandum Opinion, 11/10/2011.

Needless to say, after this protracted procedural history, spanning more than two and one-half years, we have no more support from the trial court for Burwell's sentence or explanation regarding the issues of error raised on appeal than we did in 2009. Judge Connelly's reliance, after our *second* remand, on the arguments set forth in counsel's *Anders* brief suggests nothing less than an unacceptable shirking of his judicial obligations. The rules of appellate procedure do not direct trial courts to submit opinions simply as an exercise in expository writing. Rather, the trial court opinion is a necessary component of appellate review, providing the reviewing court with a reasoned basis for the lower court's decisions and enabling it to engage in a thorough consideration of the issues raised by an appellant. Here, Judge Connelly's refusal to comply with our directives has made the resolution of this case unnecessarily difficult and protracted.

The only guidance we have for Judge Connelly's sentence in this matter is contained in the notes of testimony from Burwell's sentencing hearing. *See* N.T. Sentencing, 4/29/2009, at 8–10.[12] However, even with the trial court's on-the-record explanation for Burwell's sentence at his hearing, we have many unexplained non-sentencing issues that have been raised on appeal.[13] We shall, however, do our best

---

not presented to the jury. This claim has no merit.
Rule 1925(b) Statement of Matters Complained of on Appeal, 10/7/2011, at 1–3.

**12.** Burwell actually received 164 days credit, which represents his incarceration on the current case in the Erie County prison from 11/17/2008–4/29/2009. This amount of time is reflected in the Department of Corrections' Sentencing Form in the record. *See Com. ex rel. Woods v. Howard*, 249 Pa.Super. 428, 378 A.2d 370 (1977) (oral statements made by the judge in passing sentence, but not incorporated in the written judgment signed by him, are not part of the judgment of sentence).

**13.** The trial court entered a separate sentencing order delineating, among other things, restitution in the amount of $2800. Sentencing Order, 4/29/2009; *see also* N.T. Sentencing Hearing, 4/29/2009, at 10 ("The defendant will be ordered to pay the costs of prosecution, no fine will be imposed in order to facilitate restitution which will be ordered in the amount of twenty-eight hundred dollars for lost wages."). The record contains a Victim Claim form, to be submitted to the Erie County Crime Victim Center/Restitution Advocate, filled out by the victim to substantiate his losses from the assault. Specifically, the victim asks that restitution in the amount of two months' lost wages be paid to him personally, as a private individual; he lists that his wages average $1,400/month. *See* Victim Claim Form, at R. 22. The victim also listed the following comment on the form:

> NO property damage. All medical expenses are being covered by the company. I get paid once a month and have [L]ost 2 months wages (by the time released back to work)[.] NO income[.][B]ehind on all [B]ills and rent.

to assess counsel's request to withdraw and determine the merits of Burwell's claims.

*Anders Request*

■ Under *Anders* and its Pennsylvania progeny, in order to withdraw, counsel must (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention. *Commonwealth v. McFarland* [386 Pa.Super. 91], 562 A.2d 369 (Pa.Super.1989). The determination of whether the appeal is frivolous remains with the court. *McClendon, supra,* at 1186.

*Commonwealth v. Gee,* 394 Pa.Super. 277, 575 A.2d 628, 629 (1990).

In this case, counsel has complied with the *Anders* requirements. She has filed a petition to withdraw, submitted a so-called *"Anders"* brief, and notified Burwell of his right to retain new counsel or proceed *pro se.* We are left, then, to determine the merits of appellant's claim since counsel's right to withdraw is conditional upon a finding that the appeal is wholly frivolous. *Commonwealth v. Bradley,* 320 Pa.Super. 504, 467 A.2d 826 (1983).

*Remarks by Trial Judge in Instructions*

■ In his *pro se* brief, Burwell claims that the trial court committed reversible error in instructing the jury on the crime of aggravated assault where the trial judge's statement "made the jury feel obligated to agree" with his opinion on "ultimate factual matters." *Pro Se* Appellate Brief, at ¶ 6. We agree.

Judge Connelly stated the following in his instructions to the jury:

Now, serious bodily injury means impairment of physical condition which increased a substantial risk of death or which causes serious permanent disfigurement or protracted loss or impairment of the function of any bodily member or organ. **Now, under the circumstances, it appears that the injuries suffered by Mr. Regruth constitute serious bodily injury.** But that is a decision for you to make.

N.T. Jury Trial, 3/18/2009, at 73–74 (emphasis added). Although we are well aware that the trial court informed the jury that the question of whether Burwell caused the victim to suffer serious bodily injury was ultimately its decision, we cannot underestimate the weight that a jury would afford the opinion of a trial judge who opines that the element of serious bodily injury was proven in a case. *Commonwealth v. Claiborne,* 175 Pa.Super. 42, 102 A.2d 900 (1953) ("[J]udge occupies an exalted and dignified position; he is the one person to whom the jury, with rare exceptions, looks for guidance[.]"). It is very possible that the judge's comments usurped the jury's fact-finding role and prejudiced Burwell. *See Commonwealth v. McCoy,* 401 Pa. 100, 162 A.2d 636 (1960) (trial judge's negative characterization of

Victim Claim Form, R. 22, at 1. Finally, the victim attached a letter from the AMTRAK station district manager outlining the victim's caretaking duties at the Erie Station, his work days/hours and that he received an hourly wage of $7.15/hour. The letter also indicates he is an independent contractor to AMTRAK and that he receives "NO other compensation or benefits." He is paid once a month after submitting his timesheet with the hours he has worked that month. Finally, the letter lists the last four time sheets that the victim submitted for payment prior to the assault (11/14/2008; 10/14/2008; 9/14/2008; 8/14/2008). The average monthly pay for those four months totaled $1,409.44.

defendant in charge to jury prejudiced defendant's right to fair trial before impartial jury despite judge's statement that jury had absolute discretion to determine verdict); *Commonwealth v. Anskate*, 221 Pa.Super. 122, 289 A.2d 156 (1972) (in statutory rape case where credibility of victim and defendant were at issue, trial court's "stamp of approval" on credibility of victim and against defendant was clearly prejudicial and warranted new trial).

### Restitution for Lost Wages

 We have also determined Burwell's claim that the trial court imposed an illegal sentence of restitution when it ordered him to pay the victim $2,800 in lost wages is not frivolous. Because questions regarding the court's authority with respect to ordering restitution implicate the legality of a sentence, this claim is not waivable. *Commonwealth v. Pleger*, 934 A.2d 715 (Pa.Super.2007); *Commonwealth v. Jacobs*, 900 A.2d 368 (Pa.Super.2006). Accordingly, on remand counsel shall also brief the issue of whether lost wages are recoverable directly by a victim under the Commonwealth's mandatory restitution statute; the statute is silent on this issue. *See* 18 Pa.C.S.A. § 1106(a) (restitution for injuries to person or property), *id.* at § 1106(c)(1) (mandatory restitution), *id.* at § 1106(h) (definitions). Because this is an issue of statutory construction, it is purely a question of law. *Commonwealth v. Brown*, 956 A.2d 992 (Pa.Super.2008) (en banc). Our research has uncovered one section 1106 case from this Commonwealth that involves the payment of restitution for a victim's lost wages. However, in that case our Court was faced with deciding whether the City of Allentown, as the victim's self-insured employer, was entitled to restitution for having indemnified the victim police officer's wages. *See*

*Commonwealth v. Smith*, 699 A.2d 1303 (Pa.Super.1997). In affirming the payment under section 1106, the *Smith* panel focused on the 1995 amendments to the restitution statute which were intended to reimburse governmental agencies and insurance companies that had paid victims for their losses that were a direct result of a defendant's criminal actions. *Id.* Thus, the issue in *Smith* is distinguishable from the present issue raised by Burwell and does not control the resolution of this issue.

Accordingly, we must deny counsel's petition to withdraw and remand the case for counsel to file a Pa.R.A.P. 1925(b) statement of matters complained of on appeal, raising all non-frivolous issues, within 20 days of the date of this opinion. The trial court shall then have 20 days from the date of the filing of counsel's Rule 1925(b) statement to prepare and file its Pa.R.A.P. 1925(a) opinion addressing those issues and any other non-frivolous issues counsel deems appropriate in her statement. This requirement is mandatory for the trial judge; it is not a mere discretionary formality. *See* Pa.R.A.P. 1925(a)(1).[14] Counsel shall then have 20 days from the date of the trial court's opinion to file an advocate's brief raising those issues this Court has deemed non-frivolous and any other non-frivolous issues she asserts in her Rule 1925(b) statement. *See Wrecks, supra* (when counsel seeks to withdraw under *Anders*, if there are non-frivolous issues, appellate court will deny the petition and remand for filing of advocate's brief). The Commonwealth shall then have 20 days from the date of the filing of counsel's advocate's brief within which to file its Appellee brief.

---

14. After an exhaustive and comprehensive review of the record, we find the remaining issues either raised by counsel in her *Anders* brief, or those raised by Burwell in his *pro se* brief, are not "non-frivolous."

Petition to withdraw denied. Case remanded in accordance with the dictates of this decision. Jurisdiction retained.