J-S51034-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ALBERT VICTOR RAIBER, | : | |
| | : | |
| Appellant | : | No. 140 MDA 2014 |

Appeal from the Judgment of Sentence entered on December 18, 2013
in the Court of Common Pleas of Franklin County,
Criminal Division, No. CP-28-CR-0001524-2012

BEFORE: BOWES, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:         **FILED SEPTEMBER 04, 2014**

Albert Victor Raiber ("Raiber") appeals from the judgment of sentence imposed after a jury convicted him of involuntary deviate sexual intercourse ("IDSI"), indecent assault, indecent exposure, corruption of a minor, simple assault, and false imprisonment.[1]  Additionally, Raiber's court-appointed counsel, Michael J. Toms, Esquire ("Attorney Toms"), has filed a Petition to Withdraw as counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738, 744 (1967).  We grant Attorney Toms's Petition to Withdraw and affirm Raiber's judgment of sentence.

On several occasions in December 2011, Raiber sexually assaulted his neighbors' minor child.  After the boy's parents reported the assaults, the

---

[1] ***See*** 18 Pa.C.S.A. §§ 3123(b), 3126(a)(7), 3127(a), 6301(a)(1)(ii), 2701(a)(1), 2903(a).

police arrested Raiber, and subsequently charged him with the above-mentioned offenses on January 12, 2012.

A preliminary hearing was scheduled for January 17, 2012. The Commonwealth requested the Magisterial District Court Judge ("MDJ") to grant a continuance of the preliminary hearing. The Commonwealth asserted that it needed additional time to prepare and file several Motions, including a Motion to introduce the victim's out-of-court statements about the assaults (hereinafter referred to as "the Tender Years Motion"), pursuant to the Tender Years Hearsay Act.[2] The Commonwealth filed its Tender Years Motion on May 22, 2012, which the trial court granted after conducting a hearing on July 23, 2012. Subsequently, the preliminary hearing was held on August 14, 2012, approximately seven months after the Commonwealth charged Raiber.[3]

At a pre-trial conference held on October 29, 2012, the Commonwealth requested that the trial court schedule a date for trial prior to January 12, 2013 (*i.e.*, one year after Raiber was charged), in order to comply with the mandates of Pa.R.Crim.P. 600. At that time, Raiber's defense counsel informed the trial court that he would not be prepared to try the case prior to January 2013. Accordingly, the trial court scheduled a jury trial for January 16-17, 2013.

---

[2] **See** 42 Pa.C.S.A. § 5985.1.

[3] As discussed below, Raiber never challenged his prolonged detention pending his preliminary hearing.

A few days before trial, Raiber's counsel filed a Motion for Dismissal Pursuant to Rule 600 (hereinafter "Rule 600 Motion"), pointing out that trial would occur more than 365 days after the charges were filed.[4] After conducting a hearing on the Rule 600 Motion, the trial court determined that the time between October 29, 2012 (the pre-trial conference date), and January 14, 2013, would not be counted against the Commonwealth for purposes of calculating the Rule 600 run time, as it was Raiber's counsel who caused this delay. Accordingly, the trial court denied Raiber's Rule 600 Motion. At the conclusion of trial, the jury found Raiber guilty of the above-mentioned offenses.

On July 29, 2013, the trial court sentenced Raiber to serve an aggregate prison term of 29 years and 3 months to 72 years. The trial court imposed the statutory mandatory sentence of 25 years in prison[5] for Raiber's conviction of IDSI (hereinafter referred to as "Count I"). The trial court also imposed a mandatory 25-year prison term for Raiber's conviction of indecent assault (hereinafter referred to as "Count III"), ordering that it run concurrently with the sentence imposed on Count I. Raiber challenged his sentence in a timely Post-Sentence Motion, arguing that the trial court erred

---

[4] Raiber's counsel also argued that the Commonwealth failed to exercise due diligence in prosecuting the case in a timely manner, emphasizing the significant delay prior to Raiber's preliminary hearing.

[5] The trial court applied the mandatory sentencing provision at 42 Pa.C.S.A. § 9718.2(a)(1) because Raiber had previously been convicted of a sexual assault offense in Maryland.

in applying the 25-year mandatory sentences under section 9718.2(a)(1) by using his prior Maryland conviction. The trial court agreed with Raiber's argument, granted his Post-Sentence Motion, and scheduled the matter for resentencing.

On December 18, 2013, the trial court resentenced Raiber to an aggregate sentence of 16½ to 46½ years in prison. Notably to this appeal, the trial court ordered the separate sentences imposed on Counts I and III to run consecutively, whereas it had previously ordered the sentences imposed on those Counts to run concurrently.

Raiber timely filed a Notice of Appeal. In response, the trial court ordered Raiber to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Raiber's counsel, Attorney Toms, timely filed a Concise Statement.

Subsequently, Attorney Toms filed with this Court an *Anders* Brief and Petition to Withdraw as Raiber's counsel, asserting that the claims that Raiber wished to raise on appeal were frivolous and there are no other meritorious issues to present on appeal. Raiber did not file a response to Attorney Toms's Petition to Withdraw and *Anders* Brief, nor did he retain alternate counsel for this appeal.

Before addressing the issues Raiber presents on appeal, we must determine whether Attorney Toms has complied with the dictates of *Anders* and its progeny in petitioning to withdraw from representation. Pursuant to

*Anders*, when counsel believes that an appeal is frivolous and wishes to withdraw from representation, he must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention.

*Commonwealth v. Burwell*, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citations omitted).

Additionally, the Pennsylvania Supreme Court has explained that a proper *Anders* brief must

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). "Once counsel has satisfied the *Anders* requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Edwards*, 906 A.2d 1225, 1228 (Pa. Super. 2006) (citation and brackets omitted).

- 5 -

Our review of Attorney Toms's **Anders** Brief and Petition to Withdraw reveals that he has complied with the requirements of **Anders**/**Santiago**. Additionally, Attorney Toms has properly (1) provided Raiber with a copy of both the **Anders** Brief and Petition to Withdraw; and (2) appended to the Petition to Withdraw a copy of the letter that he sent to Raiber advising him of his right to retain new counsel, proceed *pro se*, or raise any additional points that he deems worthy of this Court's attention. Accordingly, we next examine the record to make an independent determination of whether Raiber's appeal is, in fact, frivolous.

In the **Anders** Brief, Attorney Toms explains that Raiber wishes to raise three separate allegations of trial court error. We will address each issue in turn below.

Raiber first argues that "[t]he Trial Court erred in denying [his] … Rule 600 [] Motion[,] since the allotted 365 days to bring a case to trial expired several days prior to the dates on which the trial was actually held." **Anders** Brief at 10.

In its Pa.R.A.P. 1925(a) Opinion, the trial court set forth the applicable law and standard of review, thoroughly addressed Raiber's Rule 600 challenge, and correctly determined that there was no Rule 600 violation. **See** Trial Court Opinion, 3/7/14, at 4-9. With regard to this issue, we affirm based on the trial court's sound rationale, as set forth in its Opinion. **See id.**

In his second issue, Raiber contends that

> [t]he Commonwealth could not continue to prosecute [Raiber] when it did not hold [his] preliminary hearing in a timely manner[,] and the delay in holding the preliminary hearing was due to the time taken by the Commonwealth to file and hear its Tender Years Motion, a Motion for Closed Circuit Testimony, and a Motion to Admit Other Acts Evidence.

***Anders*** Brief at 10.

The trial court addressed Raiber's claim in its Opinion, and explained in detail the relevant background and the applicable law. ***See*** Trial Court Opinion, 3/7/14, at 9-13. In sum, the trial court stated that although the MDJ properly granted the Commonwealth's request for a continuance of the preliminary hearing, the trial court found that the Commonwealth had committed a "highly objectionable" delay following this continuance, by waiting over four months to file the Tender Years Motion. ***Id.*** at 11. According to the trial court, this significant delay, and the MDJ's failure to set a date for the continued preliminary hearing despite the Commonwealth's delay, constituted (1) an unlawful deprivation of Raiber's liberty; and (2) a violation of the Pennsylvania Rule of Criminal Procedure permitting a MDJ to grant a continuance of a preliminary hearing for good cause, Pa.R.Crim.P. 542(G)(1). ***See*** Trial Court Opinion, 3/7/14, at 10-13. Nevertheless, the trial court ruled that "[d]espite this finding, [Raiber] is without recourse" because "the time for relief … has expired." ***Id.*** at 12-13 (explaining the trial court's reasoning and citing, *inter alia*, **Commonwealth v. Zook**, 615 A.2d 1, 5 (Pa. 1992) (holding that "the only relief available to a defendant for a violation of Rule [542(G)(1)] is to be released from custody until the

preliminary hearing is held.")).  Our review reveals that the trial court's analysis and legal conclusion are supported by the law and the record, and we therefore affirm on this basis as to Raiber's second issue.  *See* Trial Court Opinion, 3/7/14, at 9-13.

Finally, Raiber argues that

[t]he Trial Court abused its discretion when it ran the Count III [indecent assault] sentence consecutive to the Count I [IDSI] sentence on re-sentencing[,] after having originally run those two sentences concurrently.  [T]he [Trial] Court cannot change its sentencing scheme from concurrent to consecutive when the originally challenged sentences were vacated and the Court re-sentenced [Raiber].

*Anders* Brief at 10.

In its Opinion, the trial court discussed Raiber's discretionary aspects of sentencing challenge and the applicable law in rejecting this claim.  *See* Trial Court Opinion, 3/7/14, at 13-16.[6]  We discern no abuse of discretion by the trial court in sentencing Raiber; therefore, we affirm based on the trial court's discussion in its Opinion as to this issue.  *See id.*

We conclude that Raiber's issues lack merit, and our independent review discloses no non-frivolous issues that he could present on appeal.

---

[6] Although Attorney Toms failed to include in his *Anders* Brief a concise statement of the reasons relied upon for allowance of appeal, in violation of Pa.R.A.P. 2119(f), we will overlook this defect.  *See Commonwealth v. Roser*, 914 A.2d 447, 457 (Pa. Super. 2006) (stating that an appellant's failure to include the Rule 2119(f) statement results in waiver of his or her discretionary sentencing challenge only where the Commonwealth lodges an objection to the omission of the statement).

Accordingly, we grant Attorney Toms permission to withdraw under the precepts of *Anders*, and affirm the judgment of sentence.

Petition to Withdraw as counsel granted; judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/4/2014