J-A15026-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ROBERT E. SWEIGART AS SHAREHOLDER OF WILLIAM SWEIGART & SONS SANITATION SERVICE, INC., ROBERT E. SWEIGART AND SUSAN DESIMONE, COEXECUTORS OF THE ESTATE OF WILLIAM SWEIGART<br><br>        Appellants<br><br>        v.<br><br>VIOLET F. SWEIGART, A/K/A VIOLET RUTH SWEIGART, A/K/A VIOLET SWEIGART, VIOLET SWEIGART, WILLIAM K. SWEIGART, WILLIAM SWEIGART & SONS SANITATION SERVICE, INC., AND BILL SWEIGART WASTE WATER INC.<br><br>        Appellee | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br><br><br><br><br><br><br><br><br><br><br><br>No. 2371 EDA 2014 |

Appeal from the Judgment Entered August 11, 2014
In the Court of Common Pleas of Delaware County
Civil Division at No(s): 07-981

BEFORE:  BOWES, J., MUNDY, J., and FITZGERALD, J.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED MAY 14, 2015**

Appellants, Robert E. Sweigart and Susan Desimone, appeal from the

August 11, 2014 judgment entered in their favor and against Appellees,

Violet F. Sweigart, William K. Sweigart, William Sweigart & Sons Sanitation

Service, Inc., and Bill Sweigart Waste Water, Inc., in the amount of

_____

[*] Former Justice specially assigned to the Superior Court.

$149,777.00. After careful review, we remand for the preparation of a supplemental trial court opinion.

Briefly, the parties proceeded to a four-day bench trial, which culminated in a bench verdict on March 24, 2014. On April 2, 2014, Appellees filed a timely post-trial motion. On April 3, 2014, Appellants filed a timely post-trial motion. On April 23, 2014, Appellants filed a notice of appeal to this Court, which was docketed at 1310 EDA 2014. The trial court denied Appellees' post-trial motion without prejudice for want of subject matter jurisdiction on April 29, 2014, without disposing of Appellant's post-trial motion. On May 21, 2014, Appellants filed a concise statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), after the trial court ordered them to do so. On May 29, 2014, this Court entered an order quashing Appellant's appeal as premature. Superior Court Order, 1310 EDA 2014, 5/29/14, at 1. On August 11, 2014, Appellants entered a praecipe for judgment in the trial court, as Appellants' post-trial motion was denied by operation of law. ***See generally*** Pa.R.C.P. 227.1(1)(b).

On August 12, 2014, Appellants filed a timely notice of appeal. The trial court did not order Appellants to file a Rule 1925(b) statement. On January 20, 2015, the trial court filed an opinion, finding that Appellants had waived all their issues on appeal due to a non-compliant Rule 1925(b)

statement. Trial Court Opinion, 1/20/15, at 2. Thereafter, the trial court set forth its rationale for its analysis of the case on its merits, as follows.

> [I]n a bench trial, it is within the trial court's discretion to determine the credibility of witnesses and to render decisions based on the weight of the credible evidence. The trial court judge as the finder of fact is free to believe some, all, or none of the evidence. The trial court judge as the finder of fact is free to reject or accept any testimony of a witness.
>
> When examining a decision after a non-jury trial, the reviewing [c]ourt's scope of review is limited. Findings of a trial judge in a non-jury case must be given the same weight and effect on appeal as a jury verdict and will not be disturbed on appeal absent an error of law or abuse of discretion. The reviewing [c]ourt will reverse only if the findings are predicated on an error of law or are unsupported by competent evidence in the record. In reviewing a trial judge's findings, evidence is to be viewed in a light most favorable to the prevailing party. All evidence and inferences favorable to the victorious party are to be considered true and unfavorable inferences are to be rejected.
>
> In the instant case[,] the trial court heard four days of testimony and found, based on the credible evidence presented, that [Appellants] failed to meet their burden of proof on all of their claims except for their claims that [Appellants'] decedent was owed sums for his share of the Sweigart & Sons business and for additional shareholder distributions from 2001 through 2004. The trial court found, based on [Appellants'] evidence and the [a]ccounting [m]aster's [r]eport, that [Appellees] were, in fact, liable to [Appellants] in the total amount of $149,777.00, plus costs.

*Id.* at 2-3.

On appeal, Appellants raise the following issues for our review.

I.     Did the [trial court] err in not finding that [Appellants] proved [a] confidential relationship as a matter of law and the opportunity for [Appellees] to take advantage of that relationship as to all claims made by William Sweigart with credible evidence sufficient to shift the burden of proof to [Appellees] where the evidence supporting the claim is uncontested, non-testimonial and conclusively established[?]

II.     Did the [trial court] err in not finding that [Appellees], by electing to rest their case after [Appellants'] case in chief, and not offering any testimony or exhibits, failed to meet their burden of proving by clear and convincing evidence, that all dealings involving the parties were indeed fair, conscientious, beyond the reach of suspicion and that [Appellees] used scrupulous fairness and good faith in dealing with [Appellants'] decedent, William Sweigart and refrained from using their position to William Sweigart's detriment and to their own advantage[?]

III.     Did the [trial court] err in not imposing a constructive trust on those certain investment accounts in the name of Violet Sweigart at Wells Fargo bank and wherever else the subject funds may be traced if necessary, where [Appellants] substantially identified the assets sought to be reconveyed, [Appellees] would be unjustly enriched if permitted to retain the subject property and where the supporting evidence is uncontested, non-testimonial and conclusively established[?]

IV.     Did the [trial court] err in holding that Appellant[s] attempted to overwhelm the [trial] court by filing a voluminous 1925(b) statement where the order appealed from listed no reasons for the relief not granted, the issues listed by counsel were raised before and during the trial and not specifically decided and

> where counsel could not discern the reasons for the decision from reading the [trial court]'s order[?]

Appellants' Brief at 4-5.

We first reject Appellees' argument that the instant appeal should be quashed as premature. Appellees' Brief at 31-34. Pennsylvania Rule of Civil Procedure 227.4 permits a party to file a praecipe for entry of judgment after 120 days have elapsed from the time post-trial motions were filed, as they are treated as denied by operation of law. Pa.R.C.P. 227.4(1)(b). In this case, Appellees post-trial motions were filed on April 2, 2014, as a result, the 120-day period lapsed on August 1, 2014. Although Appellees are correct that Appellants' first appeal at 1310 EDA 2014 was interlocutory and premature, that appeal did not divest the trial court of jurisdiction to address the post-trial motions it had before it for decision. *See* Pa.R.A.P. 1701(b)(6) (noting that the trial court may "[p]roceed further in any matter in which a non-appealable interlocutory order has been entered, notwithstanding the filing of a notice of appeal … of the order[]"). Based on these considerations, Appellants instant appeal is not subject to quashal as premature.

We next address Appellants' fourth issue, as well as Appellees' and the trial court's argument that Appellants have waived all issues by filing a non-concise Rule 1925(b) statement. Appellees' Brief at 34-37. The trial court concluded, and Appellees argue, that Appellants' Rule 1925(b) statement

was "anything but concise, [it was] eleven pages contain[ing] twenty-six paragraphs of rambling, repetitive and overly lengthy compilation of issues." Trial Court Opinion, 1/20/15, at 2. However, the Rule 1925(b) statement in question was filed in response to the trial court's order, which was itself triggered by the premature notice of appeal at 1310 EDA 2014. ***See, e.g.***, Pa.R.A.P. 1925(b) (stating, "[i]f the judge entering the order giving rise **to the notice of appeal** … desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal[]") (emphasis added). When Appellants filed the instant notice of appeal, they were not ordered to file a new Rule 1925(b) statement and did not file one. As the triggering event for a second Rule 1925(b) statement was the second notice of appeal, Appellants cannot be penalized for not filing a compliant Rule 1925(b) statement when they were not ordered to file a statement at all. By logical extension, Appellants cannot be subject to waiver based on the Rule 1925(b) statement filed in connection with an appeal that this Court has already quashed as premature. The trial court could have ordered Appellants to file a new Rule 1925(b) statement, but it did not. Based on these considerations, we conclude Appellants' issues are not subject to waiver.

Finally, we note Rule 1925(a) states "the judge … [to] file of record at least a brief opinion of the reasons for the order, or for the rulings or other

errors complained of, or … specify in writing the place in the record where such reasons may be found." *Id.* at 1925(a). This Court has held "the trial court opinion is a necessary component of appellate review, providing the reviewing court with a reasoned basis for the lower court's decisions and enabling it to engage in a thorough consideration of the issues raised by an appellant." *Commonwealth v. Burwell*, 42 A.3d 1077, 1082 (Pa. Super. 2012).[1] Here, we note the trial court's opinion did not specifically examine any of the issues raised by Appellants on appeal because the trial court believed all issues were waived on appeal due to Appellants' lengthy Rule 1925(b) statement.

Given the state of the record, we conclude the best course of action is to remand the record to the trial court for the preparation of a supplemental opinion. The trial court shall author an opinion, stating its findings of fact and legal analysis, limited to the remaining three issues Appellants have raised in their brief on appeal, as reproduced above. Once the record is returned to this Court, the Prothonotary shall list this case before the next available oral argument panel.

---

[1] We note "[s]ince the Rules of Appellate Procedure apply to criminal and civil cases alike, the principles enunciated in criminal cases construing those rules are equally applicable in civil cases." *Lineberger v. Wyeth*, 894 A.2d 141, 148 n.4 (Pa. Super. 2006), *citing* *Kanter v. Epstein*, 866 A.2d 394, 400 n.6 (Pa. Super. 2004), *appeal denied*, 880 A.2d 1239 (Pa. 2005).

Case remanded. Panel jurisdiction relinquished. Superior Court jurisdiction retained. Case stricken from argument list.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/14/2015