J-S01010-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| RONALD ANDREW KESSELRING, | : | |
| | : | |
| Appellant | : | No. 1102 MDA 2017 |

Appeal from the Judgment of Sentence June 13, 2017
in the Court of Common Pleas of Adams County,
Criminal Division at No(s):  CP-01-CR-000196-2011

BEFORE:  GANTMAN, P.J., MURRAY, J., and MUSMANNO, J.

JUDGMENT ORDER BY MUSMANNO, J.:          **FILED MARCH 15, 2018**

Ronald Andrew Kesselring ("Kesselring") appeals from the judgment of sentence imposed following the revocation of his probation.  Sean A. Mott, Esquire ("Attorney Mott"), Kesselring's appellate counsel, has filed a brief pursuant to ***Anders v. California***, 386 U.S. 738, 744 (1967).  However, Attorney Mott has not filed a separate petition to withdraw with this Court.  Thus, we remand with instructions to Attorney Mott to either file an advocate's brief or fulfill all of the requirements of ***Anders***.

Pursuant to ***Anders***, when counsel believes that an appeal is frivolous and wishes to withdraw from representation, he must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to

raise any additional points that he deems worthy of the court's attention.

***Commonwealth v. Burwell***, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citations omitted); ***see also Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009) (addressing the requisite contents of an ***Anders*** brief).

Here, Kesselring's counsel, Attorney Mott, has filed an ***Anders*** brief, as the brief cites to ***Anders*** and concludes that the discretionary aspects of sentencing challenge raised by Kesselring is frivolous. ***See Anders*** Brief at 8, 13-14. Despite citing to ***Anders*** in his brief, Attorney Mott did not file a petition to withdraw as counsel with this Court. ***See Burwell, supra***. Accordingly, since Attorney Mott failed to either file a proper advocate's brief or fulfill the requirements set forth in ***Anders***, we cannot address Kesselring's appeal.

Based upon the foregoing, we must remand the case for Attorney Mott to either file an advocate's brief or fulfill all of the requirements of ***Anders*** within thirty days of the filing of this Order. The Commonwealth shall have thirty days thereafter to file a responsive brief.

Case remanded with instructions. Panel jurisdiction retained.