J-S12033-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| CHARLES MICHAEL KONCSLER, | : | |
| Appellant | : | No. 1548 MDA 2018 |

Appeal from the Judgment of Sentence Entered August 24, 2018
in the Court of Common Pleas of Schuylkill County
Criminal Division at No(s):  CP-54-CR-0002000-2017

BEFORE:  BOWES, J., DUBOW, J., and MUSMANNO, J.

JUDGMENT ORDER BY MUSMANNO, J.:  **FILED: APRIL 30, 2019**

Charles Michael Koncsler ("Koncsler") appeals from the judgment of sentence imposed following his conviction of delivery of a controlled substance.  Additionally, on January 8, 2019, Koncsler's counsel, Kent D. Watkins, Esquire ("Attorney Watkins"), filed a brief pursuant to ***Anders v. California***, 386 U.S. 738, 744 (1967).  However, Attorney Watkins has not filed a separate petition to withdraw with this Court.  Thus, we remand with instructions to Attorney Watkins to either file an advocate's brief or fulfill *all* of the requirements of ***Anders***.

Pursuant to ***Anders***, when counsel believes that an appeal is frivolous and wishes to withdraw from representation, he must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to

defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention.

*Commonwealth v. Burwell*, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citations omitted); *see also Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009) (addressing the requisite contents of an *Anders* brief).

Here, Attorney Watkins has filed a purported *Anders* brief, and concludes that the sufficiency claim raised by Koncsler is frivolous. *See Anders* Brief at 7. Despite titling this filing an *Anders* brief, Attorney Watkins did not file a petition to withdraw as counsel with this Court.[1] *See Burwell*, *supra*. Accordingly, since Attorney Watkins failed to either file a proper advocate's brief or fulfill the requirements set forth in *Anders*, we cannot address Koncsler's appeal.

Based upon the foregoing, we remand for Attorney Watkins to either file an advocate's brief or fulfill all of the requirements of *Anders* within thirty

_____

[1] On January 17, 2019, this Court issued an Order directing Attorney Watkins to file a proper petition to withdraw as counsel and to notify Koncsler of his rights within 14 days of the date of the Order, and to file copies of such notification with this Court. Receiving no response from Attorney Watkins, this Court again issued an Order on February 6, 2019, directing Attorney Watkins to file a proper petition to withdraw as counsel and to notify Koncsler of his rights within 7 days of the date of the Order. On February 8, 2019, Attorney Watkins filed a Response, attaching thereto a copy of the letter he sent to Koncsler, advising Koncsler of his rights. However, Attorney Watkins failed to include a petition to withdraw as counsel.

days of the filing of this Order.[2]  The Commonwealth shall have thirty days thereafter to file a responsive brief.

Case remanded with instructions.  Panel jurisdiction retained.

---

[2] We additionally caution Attorney Watkins that a proper **Anders** brief must include more than a bald allegation that Koncsler's claims are frivolous. **See Santiago**, **supra**.