J-S42043-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TODD ASTILLERO | : | |
| | : | |
| Appellant | : | No. 1355 EDA 2018 |

Appeal from the Judgment of Sentence October 12, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009058-2016,
CP-51-CR-0009059-2016

BEFORE: PANELLA, P.J., OLSON, J., and MUSMANNO, J.

JUDGMENT ORDER BY MUSMANNO, J.:        **FILED DECEMBER 8, 2020**

Todd Astillero ("Astillero") appeals from the judgment of sentence imposed following his convictions, at docket number CP-51-CR-0009058-2016, of robbery, persons not to possess firearms, criminal mischief, firearms not to be carried without a license, carrying firearms on public streets in Philadelphia, possessing instruments of crime, terroristic threats, simple assault, and recklessly endangering another person,[1] and at docket number CP-51-CR-0009059-2016, of persons not to possess firearms, firearms not to be carried without a license, and carrying firearms on public

---

[1] *See* 18 Pa.C.S.A. §§ 3701(a)(1), 6105(a)(1), 3304(a)(2), 6106(a)(1), 6108, 907(a), 2706(a)(1), 2701(a), 2705.

streets in Philadelphia.[2]  Additionally, Astillero's counsel, John Belli, Esquire

("Attorney Belli"), has filed a brief pursuant to **Anders v. California**, 386

U.S. 738, 744 (1967).  However, Attorney Belli has not filed a separate

petition to withdraw with this Court.  Thus, we direct Attorney Belli to either

file an advocate's brief or fulfill all of the requirements of **Anders**.

Pursuant to **Anders**, when counsel believes that an appeal is frivolous

and wishes to withdraw from representation, he must:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention.

**Commonwealth v. Burwell**, 42 A.3d 1077, 1083 (Pa. Super. 2012)

(citations omitted); **see also Commonwealth v. Santiago**, 978 A.2d 349,

361 (Pa. 2009) (addressing the requisite contents of an **Anders** brief).

Here, Attorney Belli has filed a purported **Anders** Brief, and concludes

that the claims raised by Astillero are frivolous.  **See Anders** Brief at 46.

However, Attorney Belli did not file a separate petition to withdraw as

counsel with this Court.  **See Burwell**, **supra**.  Accordingly, since Attorney

Belli failed to either file a proper advocate's brief or fulfill the requirements

set forth in **Anders**, we cannot address Astillero's appeal.

---

[2] **See** 18 Pa.C.S.A. §§ 6105(a)(1), 6106(a)(1), 6108.

Based upon the foregoing, we direct Attorney Belli to either file an advocate's brief or fulfill all of the requirements of **Anders** within thirty days of the filing of this Order. The Commonwealth shall have thirty days thereafter to file a responsive brief.

Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/08/2020