J-A06042-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES DRAUCKER | : | |
| | : | |
| Appellant | : | No. 431 WDA 2023 |

Appeal from the Judgment of Sentence Entered March 10, 2023
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s): CP-33-CR-0000047-2022

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and BECK, J.

MEMORANDUM BY BECK, J.:                    **FILED: June 27, 2024**

James Draucker ("Draucker") appeals from the judgment of sentence imposed following his guilty plea to driving under the influence ("DUI") and driving while operating privilege is suspended.[1]  This case returns to us following remand after Draucker's appellate counsel, Attorney John M. Ingros ("Attorney Ingros"), failed to comply with **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), in his initial brief before this Court.  Attorney Ingros has now filed an advocate's brief on Draucker's behalf raising an illegal sentencing claim.  We agree that the portion of Draucker's sentence ordering him to pay a $1,000 fine for his conviction of driving while operating privilege is suspended is illegal.  Because

_____

[1] 75 Pa.C.S. §§ 3802(a), 1543(b)(1)(i)

this invalidates the parties' negotiated plea bargain, we vacate the judgment of sentence and the plea agreement, and remand this matter to the trial court for further proceedings consistent with this Memorandum.

On November 21, 2021, Corporal Robert Means ("Corporal Means") of the Pennsylvania State Police stopped Draucker's vehicle, which had an expired registration. Upon approaching the driver's side window, Corporal Means smelled alcohol on Draucker's breath and observed Draucker had bloodshot and glassy eyes. Draucker then failed field sobriety tests. Corporal Means arrested Draucker and the Commonwealth subsequently charged him with DUI, third offense in ten years, driving while operating privilege is suspended, and several other summary offenses.

Of relevance to this appeal, on March 10, 2023, Draucker entered a negotiated guilty plea to DUI, third offense in ten years, and driving while operating privilege is suspended in exchange for an aggregate sentence of time served to two years less one day split with one day of probation and a $1,000 fine. The same day, the trial court accepted the terms of the plea deal but imposed a sentence of time served to two years in Jefferson County jail, in addition to fines and costs for the DUI conviction, and a $1,000 fine for

driving while operating privilege is suspended. Draucker filed a pro se notice of appeal, dated April 5, 2023, and docketed on April 12, 2023.[2]

Initially, on appeal, Attorney Ingros purported to file an ***Anders*** brief. ***See Anders*** Brief at 15, 32. Our review of Attorney Ingros's brief, however, revealed that he did not comply with the mandates of ***Anders*** and ***Santiago*** in several respects.[3] Attorney Ingros indicated that most, but not all, of

_____

[2] Draucker's notice of appeal was not timely filed. ***See*** Pa.R.A.P. 903(a) (stating that a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken."). However, pursuant to the prisoner mailbox rule, "a pro se prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." ***Commonwealth v. DiClaudio***, 210 A.3d 1070, 1074 (Pa. Super. 2019); ***see also*** Pa.R.A.P. 121(f) ("A pro se filing submitted by a person incarcerated in a correctional facility is deemed filed as of the date of the prison postmark or the date the filing was delivered to the prison authorities for purposes of mailing as documented by a properly executed prisoner cash slip or other reasonably verifiable evidence."). Here, Draucker provided evidence in the form of the prison's outgoing mail log indicating that prison authorities received a document from him on April 6, 2023. We deem this to be sufficient to establish that Draucker timely filed his appeal pursuant to the prisoner mailbox rule.

[3] Pursuant to ***Anders***, when an attorney believes that an appeal is wholly frivolous and wishes to withdraw as counsel, they must

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention.

*(Footnote Continued Next Page)*

Draucker's claims were frivolous. ***See id.; see also supra***, note 3. Moreover, Attorney Ingros did not file a petition to withdraw his representation in this Court or provide any documentation that he sent the ***Anders*** brief and a petition to withdraw to Draucker or advise him of his right to proceed pro se or through privately retained counsel. ***See supra***, note 3. Accordingly, we remanded the case to the trial court for Attorney Ingros to file a supplemental Pa.R.A.P. 1925(b) statement, for the trial court to issue an opinion pursuant to Pa.R.A.P. 1925(a), and subsequently, for Attorney Ingros to file an advocate's brief in this Court, raising the nonfrivolous issue identified in the ***Anders*** brief, and any other potentially meritorious issues that his review of the case uncovered. Both the trial court and Attorney Ingros have complied with our directives on remand. Draucker now presents the following question for review:

---

***Commonwealth v. Burwell***, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citations omitted).

Additionally, the Pennsylvania Supreme Court has determined that a proper ***Anders*** brief must

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

Whether [Draucker's sentence for his conviction of] driving while operating privilege is suspended or revoked is illegal where the trial court sentenced [Draucker] pursuant to 75 Pa.C.S.[] § 1543(b)(1.1)(i)[,] but where the filed criminal information charged [Draucker] under 75 Pa.C.S. § 1543(b)(1)(i)?

Draucker's Brief at 8.[4]

Draucker argues that he received an illegal sentence for his driving while operating privilege is suspended conviction because the trial court imposed a fine of $1,000. *Id.* at 16-17. Draucker asserts that the criminal information charged him pursuant to 75 Pa.C.S. § 1543(b)(1)(i), and the maximum permissible fine set forth in that statutory provision is $500. *Id.*

A claim that a fine imposed by the trial court was improper implicates the legality of the sentence and cannot be waived. ***Commonwealth v. Boyd***, 73 A.3d 1269, 1272 (Pa. Super. 2013) (en banc). A challenge to the legality of a sentence raises a question of law, and thus, our standard of review is de novo and our scope of review is plenary. ***Commonwealth v. Stanley***, 259 A.3d 989, 992 (Pa. Super. 2021).

As set forth above, Draucker pled guilty to driving while operating privilege is suspended pursuant to 75 Pa.C.S. § 1543(b)(1)(i), which states, in relevant part, that a person so convicted "**shall be sentenced to pay a fine of $500** and to undergo imprisonment for a period of not less than 60 days nor more than 90 days." 75 Pa.C.S. § 1543(b)(1)(i) (emphasis added).

---

[4] The Commonwealth notified this Court that it would not file a brief in this matter.

Here, the sentencing order reflects that Draucker received a fine of $1,000 for his driving while operating privilege is suspended conviction. ***See*** Sentencing Order, 3/10/2023. Section 1543(b)(1)(i) plainly indicates that the fine for a conviction under this provision is $500. ***See*** 75 Pa.C.S. § 1543(b)(1)(i). Indeed, the trial court concedes that the $1,000 fine was improper, and that it and the Commonwealth "intended only to assess the mandatory fine as the penalty." Supplemental Rule 1925(a) Opinion, 4/16/2024 at 1. We therefore conclude that the $1,000 fine for Draucker's driving while operating privilege is suspended conviction is illegal.

In its supplemental Rule 1925(a) opinion, the trial court proposes "that the matter may be fully appropriately resolved by reducing the fine from $1,000.00 to $500.00, thereby undoing the illegality and giving [Draucker] and [the] Commonwealth the benefit of their bargain." ***Id.*** Upon review of the applicable authority, however, we conclude that we are bound to vacate the guilty plea and return the parties to the pre-plea negotiation stage.

"Our cases clearly state that a criminal defendant cannot agree to an illegal sentence[.]" ***Commonwealth v. Gentry***, 101 A.3d 813, 819 (Pa. Super. 2014). In ***Commonwealth v. Ford***, 217 A.3d 824 (Pa. 2019), our Supreme Court explained the appropriate remedy for a negotiated guilty plea sentence that included illegal fines:

> As for the Superior Court's chosen remedy, however, the panel should have vacated Ford's entire judgment of sentence rather than simply vacating the illegal fines and remanding for resentencing. Indeed, the Commonwealth persuasively argues

that it will be deprived of the benefit of its bargain if criminal defendants can, for instance, agree to pay a larger fine in exchange for a shorter term of incarceration, but then later attempt to eliminate or reduce the fine in a post-conviction proceeding. Because selectively vacating specific conditions of a plea agreement threatens to upset the parties' underlying bargain, the better remedy is to put both sides right back where they started, at which point they can begin plea negotiations anew or proceed to trial.

*Id.* at 831 (citation omitted).

Therefore, in the very similar circumstance with which we are faced in the case at bar, we cannot just vacate or amend the fine imposed, as it would threaten to upset the parties' underlying bargain. ***See id.*** Based on the foregoing, we are constrained to vacate Draucker's judgment of sentence and the plea agreement, and direct that the parties be returned to the pre-plea stage before the trial court.

Judgment of sentence vacated. Plea agreement vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

6/27/2024

- 7 -