J-S38034-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
           Appellee :
:
           v. :
:
DAVID M. SEITZER, :
:
           Appellant : No. 2018 MDA 2014

Appeal from the Judgment of Sentence entered on October 28, 2014
in the Court of Common Pleas of Lycoming County,
Criminal Division, No. CP-41-CR-0000882-2013

BEFORE: WECHT, STABILE and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:         **FILED JULY 17, 2015**

David M. Seitzer ("Seitzer") appeals from the judgment of sentence imposed following his conviction of criminal mischief. *See* 18 Pa.C.S.A. § 3304(a)(5). Additionally, Kirsten A. Gardner, Esquire ("Gardner"), Seitzer's counsel, has filed a Petition to Withdraw as counsel and an accompanying brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967). We grant Gardner's Petition to Withdraw and affirm Seitzer's judgment of sentence.

On May 14, 2013, Seitzer was charged with one count of criminal mischief for damaging a rental property owned by his brother, George Seitzer ("George"). Seitzer lived on the property without permission and was eventually evicted. Thereafter, George discovered extensive damage to the property. In a letter to George, Seitzer admitted to damaging the

property out of emotional pain. Darlene Moretz ("Moretz"), an insurance adjuster for Erie Insurance Group ("Erie"), investigated the damages and determined that they were the result of vandalism. Moretz estimated that the damages totaled $3,323.79.

The case proceeded to a non-jury trial, after which Seitzer was found guilty of criminal mischief. On October 28, 2014, the trial court sentenced Seitzer to two years of probation and seventy-five hours of community service. The trial court also ordered Seitzer to pay restitution to Erie in the amount of $2,823.79, and to George in the amount of $500.00.[1] Seitzer filed a timely Notice of Appeal.

Seitzer's counsel, Gardner, has filed an **Anders** Brief raising the following question: "Whether the lower court erred [by determining] that there was sufficient evidence presented at trial to sustain a verdict of guilt as to the charge of criminal mischief?" **Anders** Brief at 4. Gardner filed a separate Petition to Withdraw with this Court on March 26, 2015. Seitzer filed neither a pro se brief, nor retained alternate counsel for this appeal.

We must first determine whether Gardner has complied with the dictates of **Anders** in petitioning to withdraw from representation. **See Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (stating that "[w]hen faced with a purported **Anders** brief, this Court may not review the merits of any possible underlying issues without first

---

[1] George had a $500.00 deductible under his insurance policy with Erie.

examining counsel's request to withdraw.") (citation omitted). Pursuant to *Anders*, when an attorney believes an appeal is frivolous and wishes to withdraw as counsel, he or she must

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention.

*Commonwealth v. Burwell*, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citation omitted).

Additionally, the Pennsylvania Supreme Court has determined that a proper *Anders* brief must

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

Here, Gardner has complied with each of the requirements of *Anders* and *Santiago*. Gardner indicates that she conscientiously examined the record and determined that an appeal would be frivolous. Further, Gardner's brief meets the standards set forth in *Santiago* by providing a factual summation of Seitzer's case, with support for her conclusion that sufficient

evidence was presented at trial to prove criminal mischief, rendering Seitzer's appeal wholly frivolous. Finally, Gardner provided a copy of her letter to Seitzer informing him of her intention to withdraw as counsel and advising him of his rights to retain new counsel, proceed *pro se*, and file additional claims. Because Gardner has complied with the procedural requirements for withdrawing from representation, we must next conduct an independent review and determine whether Seitzer's appeal is, in fact, wholly frivolous.

Seitzer contends that the trial court erred in determining that there was sufficient evidence presented to sustain a guilty verdict for criminal mischief. **Anders** Brief at 8-9.

Our standard of review challenging the sufficiency of the evidence is as follows:

> [W]e consider the evidence in the light most favorable to the Commonwealth as verdict winner. In that light, we decide if the evidence and all reasonable inferences from that evidence are sufficient to establish the elements of the offense beyond a reasonable doubt. We keep in mind that it was for the trier of fact to determine the weight of the evidence and the credibility of the witnesses. The [fact-finder] was free to believe all, part, or none of the evidence. This Court may not weigh the evidence or substitute its judgment [f]or that of the fact[-]finder.

**Commonwealth v. West**, 937 A.2d 516, 523 (Pa. Super. 2007) (citation omitted).

A "person is guilty of criminal mischief if he intentionally damages real or personal property of another." **See** 18 Pa.C.S.A. § 3304(a)(5). Here, the

evidence indicated that George's property was damaged while Seitzer was residing there. N.T., 9/25/14, at 7-8. Seitzer also admitted to damaging the property in a letter to George. *Id*. at 9-10. Furthermore, the insurance adjuster, Moretz, confirmed that the damage was intentional and not the result of ordinary use. *Id*. at 25. Thus, based on the evidence presented at trial, viewed in a light most favorable to the Commonwealth, we conclude that the evidence was sufficient to support Seitzer's criminal mischief conviction. ***See Commonwealth v. Adams***, 882 A.2d 496, 499 (Pa. Super. 2005) (concluding that evidence was sufficient to support criminal mischief conviction where the defendant intentionally punched a vehicle, resulting in specified damages).

Further, upon our independent review, we conclude that Seitzer's appeal is wholly frivolous, and grant Gardner leave to withdraw as counsel.

Petition to Withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/17/2015

- 5 -