**COMMONWEALTH of Pennsylvania**

v.

**Larry SMITH, a/k/a Larry Humphrey, Appellant.**

Superior Court of Pennsylvania.

Submitted July 7, 1997.

Filed Aug. 26, 1997.

Glenn M. Goodge, Assistant Public Defender, Allentown, for appellant.

Robert L. Steinberg, District Attorney, Allentown, for the Commonwealth, appellee.

Before TAMILIA, JOHNSON and HOFFMAN, JJ.

TAMILIA, Judge.

Appellant entered a plea of nolo contedere to a charge of resisting arrest and subsequently was sentenced on April 22, 1992 to ten (10) to twenty-two (22) months' incarceration and was ordered to pay $6,203.67 in restitution to the Allentown Police Department. The restitution portion of the sentence was vacated on appellant's motion for reconsideration and, on October 10, 1996, the trial court ordered that the restitution be paid instead to the City of Allentown ("the City"). This timely appeal followed, in which appellant asserts the trial court erred and imposed an illegal sentence in ordering restitution to the City, where the victim of appellant's crime was compensated fully for his losses by the City voluntarily or pursuant to a contractual obligation.

The pertinent facts, which are not in dispute, are as follows. Police Officer Rafael Perez stopped appellant while investigating an unrelated criminal matter. During that stop, the officer was pushed by appellant who then fled the scene. The officer pursued appellant and subsequently tackled him in an effort to apprehend him. During the struggle which ensued, Officer Perez suffered injuries to his face, knee and shoulder and fractured his collar bone. Approximately four months after this incident, the City of Allentown submitted a victim claim form statement, seeking reimbursement in the amount of $6,203.67 which constituted payments towards medical bills, indemnified wages of Officer Perez and the repair cost of his portable police radio. The victim claim form statement indicated that these losses resulted from appellant's criminal activity.

■ As an initial matter, we should point out that appellant's sentence entered on October 30, 1996 is the basis for the present appeal, rather than the April 22, 1992 sentence which was vacated subsequent to appellant's motion for reconsideration. Therefore, the legislature's amendments to 18 Pa. C.S. § 1106, **Restitution for injuries *to person or property*,** which became effective on July 2, 1995, apply to appellant's restitution Order and govern our resolution of the instant case. *Commonwealth v. Layhue,* 455 Pa.Super. 89, 687 A.2d 382 (1996) (en banc).

■ The restitution statute provides:

**(a) General rule.**—Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender may be sentenced to make restitution in addition to the punishment prescribed therefor.

The statute was broadened by the 1995 amendments to allow certain governmental agencies or insurance companies to receive restitution payments if a victim's loss had been previously compensated by them. The revision provides in pertinent part:

**(c) Mandatory restitution.—**

(1) The court shall order full restitution:

(i) Regardless of the current financial resources of the defendant, so as to provide the victim with the fullest compensation for the loss. The court shall not reduce a restitution award by any amount that the victim has received from the Crime Victim's Compensation Board or other governmental agency but shall order the defendant to pay any restitution ordered for loss previously compensated by the board to the Crime Victim's Compensation Fund or other designated account when the claim involves a government agency in addition to or in place of the board. The court shall not reduce a restitution award by any amount that the victim has received from an insurance company but shall order the defendant to pay any restitution ordered for loss previously compensated by an insurance company to the insurance company.

When the clearly stated purpose of the above restitution provision, i.e. "to provide the vic-

tim with the fullest compensation for the loss[,]" *id.*, is considered along with the "well-established principle that the primary purpose of restitution is rehabilitation of the offender by impressing upon him that his criminal conduct caused the victim's loss or personal injury and that it is his responsibility to repair the loss or injury as far as possible[,]" *Commonwealth v. Runion*, 541 Pa. 202, 662 A.2d 617 (1995), we must conclude that the trial court considered those purposes and properly ordered restitution to the City in accordance with the statute.

In upholding the restitution Order, both of the above-stated purposes of restitution are served. Appellant is required to recognize and take responsibility for the losses and injuries that Officer Perez experienced as a result of appellant's criminal conduct. Additionally, the City, which effectively served as the officer's insurance company, is reimbursed for the amounts it paid to the victim officer in order to compensate his losses. We find no reason to distinguish the City of Allentown from an insurance company, as referenced in section 1106(c), where in the instant case the City, which paid medical bills, lost wages and the repair cost of damaged property, has undertaken to be a self-insurer for responsibilities which normally would be covered by one form or another of a commercial policy of insurance. Unquestionably, all of the items of personal injury, lost wages and property loss were insurable by the City of Allentown, but for economic reasons, as with most municipalities, it elected to be a self-insurer. It should not be penalized for doing so by being denied the benefits of section 1106(c)(1)(i).

Judgment of sentence affirmed.