**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Ronald BURWELL, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 8, 2010.

Filed Nov. 28, 2012.

Reargument Denied Jan. 29, 2013.

be concerned whether the attorney is still going to be motivated to advance the costs of trial.

Nicole D. Sloane, Public Defender, Erie, for appellant.

Robert A. Sambroak, Assistant District Attorney, Erie, for Commonwealth, appellee.

BEFORE: PANELLA, ALLEN, and LAZARUS, JJ.

OPINION BY LAZARUS, J.

This case is back to our Court for the third time after having been remanded for a proper Pa.R.A.P. 1925(a) trial court opinion and the filing of an advocate's brief.[1] Upon careful review, we affirm Burwell's judgment of sentence for aggravated assault.

Burwell struck his victim in the face and wrist with an electric guitar, causing the victim to suffer a broken wrist, cracked eye socket and resulting numbness on the left side of his face for two months following the incident. A jury convicted Burwell of aggravated assault and he was sentenced to a high-end standard-range sentence[2] of 120–240 months' imprisonment (with credit for time served), with costs and restitution to the victim in the amount of $2,800 for lost wages.

In our last decision, this Court found that Burwell raised two non-frivolous issues: (1) whether the trial court's restitution order for the victim's lost wages was illegal, and (2) whether the trial court's remarks when instructing the jury on the crime of aggravated assault were reversible error.[3] *Commonwealth v. Burwell*, 42 A.3d 1077 (Pa.Super.2012). We now have the benefit of a counseled brief on those issues, as well as an Appellee's brief and trial court opinion that address those claims.

*Restitution for Lost Wages*

Burwell claims that the trial court imposed an illegal sentence of restitution when it ordered him to pay the victim $2,800 in lost wages.[4]

Questions regarding the court's authority with respect to ordering restitution implicate the legality of a sentence. *Commonwealth v. Pleger*, 934 A.2d 715 (Pa.Super.2007). Challenges to the legality of a sentence are not waivable. *Commonwealth v. Jacobs*, 900 A.2d 368 (Pa.Su-

---

1. Counsel had originally filed a statement of intent to file an *Anders/McClendon* brief, in lieu of a Pa.R.A.P. 1925(b) statement, declaring his intent to withdraw on direct appeal after finding there to be no non-frivolous issues. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981). Burwell filed a supplemental *pro se* appellate brief after receiving notice of counsel's intent to withdraw.

2. The trial judge, the Honorable Shad Connelly, applied the deadly weapon enhancement. *See generally* 204 Pa.Code § 303.10(a) (where deadly weapon used, standard minimum range is raised to 102–120 months' imprisonment).

3. We have already determined that the remaining claims raised in counsel's *Anders* brief and by Burwell in his *pro se* brief were frivolous. *Burwell*, 42 A.3d at 1084 n. 14. We will, therefore, confine our review to the previously found non-frivolous claims.

4. Specifically, the trial court sentenced Burwell to restitution as follows:

 The Court will order the following sentence which is from the high[-] end of the standard range of the Sentencing Guidelines. **[Burwell] will be ordered to pay the costs of prosecution, no fine will be imposed in order to facilitate restitution which will be ordered in the amount of twenty-eight hundred dollars for lost wages.**
 N.T. Sentencing, 4/29/2009, at 8–10 (emphasis added). The trial court also entered a separate sentencing order imposing, among other things, restitution in the amount of $2800. Sentencing Order, 4/29/2009.

per.2006).[5] When a trial court imposes a sentence outside of the legal parameters prescribed by the applicable statute, the sentence is illegal and should be remanded for correction. *Id.*

The instant issue also involves statutory construction and is, therefore, purely a question of law; questions of law are subject to plenary and *de novo* review. *Commonwealth v. Brown*, 956 A.2d 992 (Pa.Super.2008) *(en banc)*. The Statutory Construction Act provides the object of interpretation and construction of statutes is to ascertain and effectuate the intention of the legislature. 1 Pa.C.S.A. § 1921(a). The General Assembly's intent is best expressed through the plain language of a statute. *Commonwealth v. Fithian*, 599 Pa. 180, 961 A.2d 66, 74 (2008).

Mandatory restitution as a part of a defendant's sentence is authorized by 18 Pa.C.S. § 1106. Section 1106 states, in relevant part:

§ 1106. Restitution for injuries to person or property.

(a) **General rule.**—Upon conviction for any crime ... **wherein the victim suffered personal injury directly resulting from the crime,** the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.

\* \* \*

(c) **Mandatory restitution.**

(1) **The court shall order full restitution:**

(i) Regardless of the current financial resources of the defendant, **so as to provide the victim with the fullest compensation for the loss.** The court

shall not reduce a restitution award by any amount that the victim has received from the Crime Victim's Compensation Board or other governmental agency but shall order the defendant to pay any restitution ordered for loss previously compensated by the board to the Crime Victim's Compensation Fund or other designated account when the claim involves a government agency in addition to or in place of the board. The court shall not reduce a restitution award by any amount that the victim has received from an insurance company but shall order the defendant to pay any restitution ordered for loss previously compensated by an insurance company to the insurance company.

18 Pa.C.S. § 1106(a), (c) (emphases added).

The trial court justifies its imposition of restitution in the form of lost wages based upon the fact that the victim's lost wages were a direct result of Burwell's criminal actions. The court cites one case to support its sentence, *Commonwealth v. Smith*, 699 A.2d 1303 (Pa.Super.1997). We find *Smith* to be distinguishable; however, it is instructive with regard to whether lost wages are recoverable under Pennsylvania's mandatory restitution statute.

In *Smith*, our Court was faced with deciding whether the City of Allentown was entitled to restitution for having paid the police officer victim's medical bills, *indemnified his wages*, and absorbed the cost of his portable police radio. *Id.* at 1304. The *Smith* Court discussed the 1995 amendments to the restitution statute which were intended to reimburse governmental agencies and insurance companies that had paid victims for their losses that were a direct result of a defendant's crimi-

---

5. Despite the fact that this claim implicates the legality of Burwell's sentence and is, thus, non-waivable, the trial court incorrectly states in its Pa.R.A.P. 1925(a) opinion that Burwell has waived his restitution claim for failing to lodge an objection to its imposition at sentencing. *See* Trial Court Opinion, 3/28/2012, at 2.

nal actions. Specifically, the *Smith* Court relied upon the dual purpose of mandatory restitution: (1) to provide the victim with the fullest compensation for the loss, and (2) to rehabilitate the offender by impressing upon him that his criminal conduct caused the victim's loss or personal injury and that it is his responsibility to repair the loss or injury as far as possible. *Id.* at 1305. In keeping with the purposes behind restitution, this Court held that the City was, for all intents and purposes, the victim's insurer, although it was self-insured, and that it was entitled to be reimbursed for the amounts it paid to the victim to compensate him for his wage loss. *Id.*

Because the language of section 1106 clearly evidences the intent to provide the victim with fullest compensation for his losses incurred as a direct result of the defendant's criminal conduct, we conclude that the court's instant restitution order is legal. Where the statute explicitly permits an insurance company or employer (who provides an employee's insurance benefits) to be reimbursed by the defendant when he or she has covered the victim's lost wages, it would be inconsistent to deny the victim's direct claim for those lost wages, especially where the victim is first in the statutory order of payment. *See* 18 Pa.C.S. § 1106(c)(1)(ii)(A).[6]

In *Pleger, supra,* our Court also explained how a court should compute a restitution award:

> Although restitution does not seek, by its essential nature, the compensation of the victim, the dollar value of the injury suffered by the victim as a result of the

crime assists the court in calculating the appropriate amount of restitution. *See* [*Com. v.*] *Mourar,* 504 A.2d [197] at 208 [ (Pa.Super.1986) ]; 18 Pa.C.S.A. § 1106(a), (c). A restitution award must not exceed the victim's losses. [*Com. v.*] *Fuqua,* 407 A.2d [24] at 26 [ (Pa.Super.1979) ]. A sentencing court must consider the victim's injuries, the victim's request as presented by the district attorney and such other matters as the court deems appropriate. 18 Pa. C.S.A. § 1106(c)(2)(i). The court must also ensure that the record contains the factual basis for the appropriate amount of restitution. *Commonwealth v. Valent,* 317 Pa.Super. 145, 463 A.2d 1127, 1128 (1983); *see also* 18 Pa.C.S.A. § 1106(c)(2)(i). In that way, the record will support the sentence. *Valent,* 463 A.2d at 1128.

*Pleger,* 934 A.2d at 720.

We also conclude that the amount of restitution ordered by the court is supported in the record. *Valent, supra.* Instantly, the victim substantiated his claim that his wages averaged $1,400/month by attaching a letter from the AMTRAK station district manager outlining the victim's caretaking duties at the Erie Station, his work days and hours, and that he received an hourly wage of $7.15. The letter also indicates the victim is an independent contractor to AMTRAK, that he receives "NO other compensation or benefits," and that he is paid once a month after submitting his timesheet with the hours he has worked that month. Letter from Howard G. Noll, District Manager of Stations, 12/11/2008. Finally, the letter lists the last

---

**6.** This holding is consistent with a number of states' mandatory restitution statutes that allow victims to recover lost wages as a direct result of a defendant's criminal actions. *See* Alabama (Ala.Code § 15–18–66); Arizona (Ariz.Rev.Stat. § 13–105(16)); California (Cal.Penal Code § 1202.4(f)(3)(E)); Florida (Fla.Stat. §§ 775.089(2)(a),(b)); Iowa (Iowa Code §§ 910.1(3)-(5)); Montana (Mont.Code Ann. § 46–18–243(1)(a)); and Wisconsin (Wis. Stat. § 973.20(5)(b)).

four time sheets that the victim submitted for payment prior to the assault (11/14/2008; 10/14/2008; 9/14/2008; 8/14/2008). *Id.* The average monthly pay for those four months totaled $1,409.44. *Id.* Accordingly, we affirm the restitution order.

## Remarks by Trial Judge in Instructions

 During jury instructions, the trial court made the following remarks:

Now, serious bodily injury means impairment of physical condition which increased a substantial risk of death or which causes serious permanent disfigurement or protracted loss or impairment of the function of any bodily member or organ. **Now, under the circumstances, it appears that the injuries suffered by [the victim] constitute serious bodily injury.** But that is a decision for you to make.

N.T. Jury Trial, 3/18/2009, at 73–74 (emphasis added). After a thorough review of the record, it is apparent that trial counsel failed to object to the trial judge's statement during jury instructions.[7] Because our rules of procedure require that a party specifically object to the language of a jury charge in order to preserve the claim, this issue is waived. *See* Pa.R.A.P. 302(b); *see also Commonwealth v. McCormick,* 301 Pa.Super. 610, 447 A.2d 647, 647 n. 2 (1982).[8]

Judgment of sentence affirmed.

PANELLA, J., files a Concurring and Dissenting Opinion.

7. Counsel also failed to raise any objection to the court's instruction in post-trial motions.

8. However, even if this claim were not waived on appeal, we would find that the court's remark constituted harmless error in light of the overwhelming evidence of Burwell's guilt. *See Commonwealth v. Ryder,* 467 Pa. 484, 359

## CONCURRING AND DISSENTING OPINION BY PANELLA, J.

I agree with the Majority's opinion affirming Burwell's judgment of sentence for aggravated assault, and, specifically, its thorough analysis of the restitution issue. However, I respectfully disagree with the Majority's finding of "harmless error" in footnote 8. The Majority properly finds Burwell's challenge to the jury instruction waived on appeal due to his failure to lodge a specific objection thereto on the record. For the reasons that follow, I find no error in relation to the trial court's commentary during its jury instructions.

In its jury instruction, the trial court, in explaining the definition of serious bodily injury to the jury, made the following remark: "[n]ow, under the circumstances, it appears that the injuries suffered by [the victim] constitute serious bodily injury. But that is a decision for you to make." N.T., Jury Trial, 3/18/09, at 73–74. While I am cognizant that, in instructing the jury on the applicable law, the trial court must not usurp the power of the jury to be the sole judge of the evidence, the law in this Commonwealth is clear:

[T]he court may summarize the evidence and note possible inferences to be drawn from it. In doing so, the court may … express [its] own opinion on the evidence, including the weight and effect to be accorded it and its points of strength and weakness, providing that the statements have a reasonable basis and it is clearly left to the jury to decide the facts regardless of any opinion expressed by the judge.

A.2d 379 (1976) (every unwise or irrelevant remark made in course of trial by a judge does not compel grant of new trial unless remark is prejudicial and it may reasonably be said to have deprived defendant of fair and impartial trial).

*Commonwealth v. Meadows,* 567 Pa. 344, 354, 787 A.2d 312, 318 (2001), quoting *Commonwealth v. Leonhard,* 336 Pa.Super. 90, 485 A.2d 444, 446 (1984) (internal quotations and citations omitted). A review of the entirety of the trial court's jury instruction reveals that it was merely summarizing and expressing a brief observation on the issue of serious bodily injury, which was supported by substantial evidence at trial. This statement was immediately qualified by the trial court's instruction that the jury was not bound by it. As such, I would find the trial court's expression of its observation permissible and not harmless error as the Majority concludes, albeit in pure dicta.