J-S47038-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PATRICK JOSEPH LAVELLE | |
| Appellant | No. 70 EDA 2014 |

Appeal from the Judgment of Sentence of November 26, 2013
In the Court of Common Pleas of Delaware County
Criminal Division at No.: CP-23-CR-0002757-2013

BEFORE:  MUNDY, J., OLSON, J., and WECHT, J.

MEMORANDUM BY WECHT, J.:                    **FILED OCTOBER 14, 2014**

Patrick Joseph Lavelle appeals from the judgment of sentence entered on November 26, 2013, following his jury conviction of unlawful restraint. We affirm.

The trial court set forth the facts of this case as follows:

On March 31, 2013, [Lavelle] was arrested and charged with indecent assault, unlawful restraint, simple assault, and recklessly endangering another person, to wit, Robia Comer, a sales associate employed by Ryan Kia.  The matter proceeded to trial, at which the victim, Ms. Comer, testified that on March 30, 2013, [Lavelle] appeared at the automobile dealership to test drive a Kia Soul.  [Comer] got into the passenger seat and proposed a test drive route.  [Lavelle] proceeded in a normal manner, but once he passed a supermarket he began speeding up faster and faster, making numerous left and right turns and dipping down little streets.  [Lavelle] instructed [Comer] that he was going to take her to a "special place."  [Lavelle] then removed his hand from the stick shift, placed it on her knee, and began sliding it up her leg.  [Comer] brushed his hand away two times.  In response to [Comer's] admonition that they should go back to the dealership, [Lavelle] turned up the radio volume,

told [Comer] to be quiet, and then drive up a street near the municipal building. The car coasted into a parking spot near an automobile parts store and then just stopped or died. [Lavelle] exited the vehicle and then came around to the passenger door, but [Comer] locked all of the doors of the car. [Lavelle] ran away, and [Comer] telephoned her manager and her husband. Her manager called the police, who then arrived and took a statement.

Trial Court Opinion ("T.C.O."), 4/4/2014, at 1-2 (record citations and some quotation marks omitted).

On September 12, 2013, a jury convicted Lavelle of unlawful restraint and acquitted him of the charges of indecent assault and recklessly endangering another person.[1] On November 26, 2013, the court sentenced Lavelle to not less than 364 nor more than 729 days' incarceration, to be followed by one year of probation. Lavelle filed a motion for reconsideration of his sentence, which the trial court denied on December 5, 2013. Lavelle timely appealed to this Court on December 23, 2013. On January 16, 2014, Lavelle entered a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); the court filed its Pa.R.A.P. 1925(a) opinion on April 4, 2014.

Lavelle presents one issue for our review: "Whether the trial court erred when it instructed the jury on the elements of unlawful restraint by

---

[1] *See* 18 Pa.C.S.A. §§ 2902, 3126(a)(1), and 2705, respectively. An additional charge of simple assault, 18 Pa.C.S.A. § 2701(a)(3), was withdrawn by the Commonwealth on November 26, 2013.

essentially dictating to them that it was fact that Mr. Lavelle refused to let the alleged victim out of the subject vehicle[?]" Lavelle's Brief at 7.

Preliminarily, the Commonwealth asserts that Lavelle has waived his challenge for failure to object to the challenged instruction in a timely manner, and that "counsel was neither specific regarding how the jury charge should be corrected by the court nor did counsel conclude the charge was erroneous." Commonwealth's Brief at 16. We disagree.

"[O]ur rules of procedure require that a party specifically object to the language of a jury charge in order to preserve the claim." *Commonwealth v. Burwell*, 58 A.3d 790, 795 (Pa. Super. 2012); *see also* Pa.R.A.P. 302(b). Likewise, "[n]o portions of the charge nor omissions from the charge may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate. All such objections shall be made beyond the hearing of the jury." Pa.R.Crim.P. 647(B).

Here, following the trial court's instructions to the jury, counsel for Lavelle objected to the court's charge for unlawful restraint at sidebar. Notes of Testimony ("N.T."), 9/12/2013, at 106. Specifically, he objected to the language that he paraphrased as: "if you find something that prevented her from getting out of the car." *Id.* at 107. Although he noted that it was "[m]aybe a little leading but not necessarily erroneous," he repeated his objection and the court concluded the sidebar. *Id.* at 107-08.

Accordingly, the record demonstrates that Lavelle objected to specific language in the charge beyond the hearing of the jury at sidebar. *See*

- 3 -

Pa.R.Crim.P. 647(B). Thus, he has preserved a challenge to the charge, and we will review his claim on the merits.

Lavelle argues that the trial court prejudiced the jury when it "commented on the evidence in a fashion that invaded the province of the jury as factfinder by essentially telling the jury that it was fact that Mr. Lavelle refused to let the alleged victim out of the car." Lavelle's Brief at 12. We disagree.

Our standard of review of claims of error in jury instructions is well-settled:

> When reviewing a challenge to jury instructions, the reviewing court must consider the charge as a whole to determine if the charge was inadequate, erroneous, or prejudicial. The trial court has broad discretion in phrasing its instructions, and may choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration. A new trial is required on account of an erroneous jury instruction only if the instruction under review contained fundamental error, misled, or confused the jury.

*Commonwealth v. Miskovitch*, 64 A.3d 672, 684 (Pa. Super. 2013) (emphasis omitted). "A trial court has broad discretion in phrasing its jury instructions and is not required to read the Standard Jury Instructions verbatim." *Commonwealth v. Pope*, 14 A.3d 139, 144 n.1 (Pa. Super. 2011). "Therefore, a charge will be found adequate unless the issues are not made clear to the jury or the jury was palpably misled by what the trial judge said." *Commonwealth v. Grimes*, 982 A.2d 559, 564 (Pa. Super. 2009).

- 4 -

Our Crimes Code provides, in relevant part, the following definition of unlawful restraint:

**§ 2902. Unlawful restraint**

**(a) Offense defined.** —Except as provided under subsection (b) or (c) [pertaining to unlawful restraint of minors], a person commits a misdemeanor of the first degree if he knowingly:

(1) restrains another unlawfully in circumstances exposing [her] to risk of serious bodily injury[.]

18 Pa.C.S.A. § 2902(a)(1).

At trial, the court instructed the jury on unlawful restraint as follows:

The second crime charged is Unlawful Restraint. And with respect to Unlawful Restraint and Recklessly Endangering, the concept of serious bodily injury is going to come into play and I'm going to describe that for you. But it comes into play in both of those crimes charged. The Defendant has been charged with Unlawful Restraint. To find the Defendant guilty of this offense you must find that each of the following two elements has been proven beyond a reasonable doubt: first, that the Defendant restrained Robia Comer unlawfully in circumstances that exposed her to the risk of serious bodily injury; and second, that the Defendant did so knowingly, in other words, that the Defendant was aware that he was restraining the individual, that the restraint was unlawful, and that he was exposing her to the risk of serious bodily injury. I'm going to explain some of these requirements. A person is restrained if she is deprived of her freedom to leave a particular place. In other words, if she is in the car and the manner in which the Defendant is driving causes her to be unable to safely exit the car, then that is—that means that the restraint was unlawful. The restraint is unlawful if it is by force, in other words, if he's doing something that absolutely prevents her from leaving the car. A person is exposed to the risk of serious bodily injury if she is put in actual danger of being killed or suffering other serious bodily injury. Serious bodily injury that creates a substantial risk of death or that causes serious permanent disfigurement or protracted loss of impairment of the function of any bodily member or organ, Unlawful Restraint.

- 5 -

N.T. at 101-03.

Lavelle contends that the jury's fact-finding duties were preempted by the above instruction because "[t]he point of contention in the case at bar was whether [he] refused to stop the car as the victim instructed" and the trial court "negated this vital issue by telling the jury, in essence, that it didn't matter who said what because Unlawful Restraint occurs anytime a car is in motion thereby preventing a safe exit by a passenger." Lavelle's Brief at 15-16.

First, there is no requirement that a victim instruct a perpetrator to stop before he has committed unlawful restraint. *See* 18 Pa.C.S.A. § 2902(a)(1). Second, the trial court repeatedly phrased its explanations of the requirements of unlawful restraint using the conditional "if," thus requiring the jury to make its own findings as follows: "if she is deprived of her freedom to leave a particular place," "if she is in the car and the manner in which the Defendant is driving causes her to be unable to safely exit the car," "if he's doing something that absolutely prevents her from leaving the car," or "if she is put in actual danger of being killed or suffering other serious bodily injury." N.T. at 102. The court did not usurp the jury's role as fact-finder by posing these inquiries.

Upon consideration of the trial court's charge as a whole, we conclude that it was not inadequate, erroneous, or prejudicial. *Miskovitch*, 64 A.3d at 684. The trial court's instructions thoroughly and accurately set forth the elements of the charge of unlawful restraint, and did not palpably mislead

the jury on this charge. **See Grimes**, 982 A.2d at 564. Accordingly, this issue does not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/14/2014