**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES LEE GIUFFRIDA | |
| Appellant | No. 2076 MDA 2014 |

Appeal from the Order dated November 6, 2014
In the Court of Common Pleas of York County
Criminal Division at No: CP-67-CR-0001560-2013

BEFORE:  BOWES, OTT, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                **FILED SEPTEMBER 25, 2015**

Appellant James Lee Giuffrida appeals from the November 6, 2014 restitution order of the Court of Common Pleas of York County ("trial court"). On appeal, Appellant argues only that the trial court erred in failing to apportion the amount of restitution imposed between Appellant and his codefendants.[1]  Upon review, we affirm.

Briefly, following his plea of *nolo contendere* to organized retail theft, conspiracy to commit organized retail theft, receiving stolen property, corrupt organizations, and dealing in proceeds of unlawful activities, Appellant was sentenced in the aggregate to 6¾ to 13½ years'

_____

[1] Because Appellant's argument relates to the legality of sentence, our standard of review is *de novo* and our scope of review is plenary.  **See Commonwealth v. Gentry**, 101 A.3d 813, 817 (Pa. Super. 2014).

imprisonment. Appellant, with the help of more than one hundred individuals, operated a retail theft ring that operated in York and surrounding counties.

In support of his argument, Appellant points out that the trial court should have ordered him to pay his *pro rata* share of the restitution imposed. Appellant, however, cites no legal authority for the proposition that the trial court was required to apportion the amount of restitution imposed. Indeed, the entire argument section of Appellant's brief spans a single page, with three short sentences devoted to analysis. It is settled that "[w]e shall not develop an argument for [the appellant], nor shall we scour the record to find evidence to support an argument; consequently, we deem this issue waived." **Commonwealth v. Beshore**, 916 A.2d 1128, 1140 (Pa. Super. 2007), **appeal denied sub nom. Commonwealth v. Imes**, 982 A.2d 509 (Pa. 2009); **see** Pa.R.A.P. 2119(a), (b). Accordingly, Appellant's claim is waived.[2]

_____

[2] To the extent Appellant's apportionment argument implicates the discretionary aspects of sentencing as it concerns the amount, **see In the Interest of M.W.**, 725 A.2d 729, 731 n.4 (Pa. 1999) (noting that challenges concerning the amount of restitution awarded involve the discretionary aspects of sentencing), rather than the trial court's authority to impose restitution, we reject this argument as waived. Appellant fails to include a Pa.R.A.P. 2119(f) statement in his brief and the Commonwealth objects to its omission, requesting waiver. **See Commonwealth v. Bruce**, 916 A.2d 657, 666 (Pa. Super. 2007) (noting that a reviewing court is precluded from reaching the merits of a discretionary aspects of sentencing claim when the Commonwealth lodges an objection to the omission of the Rule 2119(f) statement). Besides, here the parties do not challenge the

*(Footnote Continued Next Page)*

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/25/2015

---

*(Footnote Continued)* ———————

record support for the amount of restitution. ***See Commonwealth v. Burwell***, 58 A.3d 790, 794 (Pa. Super. 2012) ("The court must also ensure that the record contains the factual basis for the appropriate amount of restitution.") (citation omitted), ***appeal denied***, 69 A.3d 242 (Pa. 2013).