J-S34039-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JASON KOKINDA, | |
| Appellant | No. 3667 EDA 2016 |

Appeal from the Order October 31, 2016
in the Court of Common Pleas of Lehigh County
Criminal Division at Nos.: CP-39-CR-0004541-2007
CP-39-MD-0005250-2008

BEFORE: BOWES, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.: **FILED JULY 06, 2017**

Appellant, Jason Kokinda, appeals *pro se* from the order of October 31, 2016, which denied his *pro se* Petition to Waive Fees or Suspend Collections. We affirm, albeit for reasons different from those expressed by the trial court.[1]

We take the underlying facts and procedural history in this matter from this Court's decision affirming the denial of Appellant's petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, and our independent review of the certified record.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] "[W]e are not limited by the trial court's rationale and that we may affirm on any basis." **Blumenstock v. Gibson**, 811 A.2d 1029, 1033 (Pa. Super. 2002), *appeal denied*, 828 A.2d 349 (Pa. 2003) (citations omitted).

On November 12, 2009, [Appellant] entered a plea of [g]uilty but [m]entally [i]ll to four counts of unlawful contact with a minor and one count of criminal use of a communication facility, after he engaged in online sexual communications with an individual whom he believed was a [twelve]-year-[old] minor, but was actually an undercover agent with the Attorney General's Office. Following a hearing on February 17, 2010, the trial court determined that [Appellant] was severely mentally disabled; specifically, a paranoid schizophrenic. Thereafter, the court sentenced [Appellant] to [not less than thirty-six nor more than eighty-four] months' incarceration. [Appellant did not file a direct appeal].

[Appellant] filed a *pro se* PCRA petition on February 22, 2011. Following an oral and written colloquy, the PCRA court permitted [Appellant] to proceed *pro se* and appointed stand-by counsel to assist in the PCRA proceedings. Following a hearing on September 6, 2012, the PCRA [court] denied [Appellant's] petition. . . .

(**Commonwealth v. Kokinda**, No. 2687 EDA 2012, unpublished memorandum at **1-2 (Pa. Super. filed Dec. 13, 2013)). This Court affirmed the denial of Appellant's PCRA petition on December 13, 2013. (**See id.** at *3). Appellant subsequently filed an application to reinstate his appeal and sought leave to appeal the denial of that application to the Pennsylvania Supreme Court.

On October 28, 2016, Appellant, who is no longer incarcerated and lives out-of-state, filed a *pro se* Petition to Waive Fees or Suspend Collections. In the motion, Appellant states that he was wrongly assessed $626.51 in court fees. (**See** Petition to Waive Fees or Suspend Collections, 10/28/16, at 1). He complains that he was "harassed" by a collection agency and is unable either to pay the monies or meaningfully dispute the

matter because of his poverty and out-of-state residence. (*Id.* at 2-5). On October 31, 2016, the trial court denied the motion. The instant, timely appeal followed. On December 12, 2016, the trial court ordered Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). Appellant filed a timely Rule 1925(b) statement on December 28, 2016. *See id.* On January 13, 2017, the trial court issued an opinion. *See* Pa.R.A.P. 1925(a).

On appeal, Appellant raises the following issue for our review.

1. Why is [the trial court] unable to construe . . . [Pennsylvania Rule of Criminal Procedure] 706 . . . pragmatically, pursuant to [Pennsylvania Rule of Criminal Procedure] 101; in a manner that comports with civil rights?

(Appellant's Brief, at 4) (unnecessary underlining omitted).

Appellant challenges the trial court's finding that he is statutorily required to pay fees and costs. We note that interpreting the meaning of a statute raises a pure question of law, therefore our standard of review is *de novo* and our scope of review is plenary. *See Commonwealth v. Burwell*, 58 A.3d 790, 793 (Pa. Super. 2012), *appeal denied*, 69 A.3d 242 (Pa. 2013).

Initially, we observe that it appears that Appellant's petition is based on his erroneous belief that the decision of the trial court not to impose any fines at sentencing meant that Appellant was not responsible to pay any fees and costs. (*See* Petition to Waive Fees or Suspend Collections, at 1; Appellant's Brief, at 6). The record clearly demonstrates that while the trial court did not order the payment of fines, it did order the payment of fees

and costs. (**See** N.T. Sentencing, 2/17/10, at 112, 114, at 112; Lehigh County Sentence Sheets, 2/17/10, at unnumbered pages 1-5). Appellant did not object to the sentence and, when questioned, stated that he understood it. (**See** N.T. Sentencing, at 119). Appellant did not file a post-sentence motion for reconsideration and did not file a direct appeal challenging his sentence. Thus, Appellant waived any challenge to the judgment of sentence and the order directing payment of costs is a valid aspect of his sentence.[2] **See Commonwealth v. McAfee**, 849 A.2d 270, 275 (Pa. Super. 2004), *appeal denied*, 860 A.2d 122 (Pa. 2004).[3]

Appellant next argues that the trial court erred by not affording him relief under Pennsylvania Rule of Criminal Procedure 706. (**See** Appellant's Brief, at 11-12). Rule 706 provides:

> (A) A court shall not commit the defendant to prison for failure to pay a fine or costs unless it appears after hearing that the defendant is financially able to pay the fine or costs.

---

[2] As the Commonwealth correctly states, (**see** Commonwealth's Brief, at 6-7), the trial court's reliance, (**see** Trial Court Opinion, 1/13/17, at 3-4), on 42 Pa.C.S.A. §§ 9721(c.1) and 9728(b.2) is misplaced because these statutes were not in effect at the time of Appellant's sentencing. **See** An Act Amending Title 42 (Judiciary and Judicial Procedure) of the Pennsylvania Consolidated Statutes, No. 2010-96, P.L. 949, § 3 (October 27, 2010).

[3] We note that Appellant does not appear to challenge the legality of the sentence. (**See** Petition to Waive Fees or Suspend Collections, 10/28/16, at 1-5). In any event, any such challenge would have needed to be raised in a timely PCRA petition. **See Commonwealth v. Guthrie**, 749 A.2d 502, 503 (Pa. Super. 2000) (holding motion to correct illegal sentence must be treated as PCRA petition where appellant did not file timely post-sentence motions or direct appeal).

(B) When the court determines, after hearing, that the defendant is without the financial means to pay the fine or costs immediately or in a single remittance, the court may provide for payment of the fines or costs in such installments and over such period of time as it deems to be just and practicable, taking into account the financial resources of the defendant and the nature of the burden its payments will impose, as set forth in paragraph (D) below.

(C) The court, in determining the amount and method of payment of a fine or costs shall, insofar as is just and practicable, consider the burden upon the defendant by reason of the defendant's financial means, including the defendant's ability to make restitution or reparations.

(D) In cases in which the court has ordered payment of a fine or costs in installments, the defendant may request a rehearing on the payment schedule when the defendant is in default of a payment or when the defendant advises the court that such default is imminent. At such hearing, the burden shall be on the defendant to prove that his or her financial condition has deteriorated to the extent that the defendant is without the means to meet the payment schedule. Thereupon the court may extend or accelerate the payment schedule or leave it unaltered, as the court finds to be just and practicable under the circumstances of record. When there has been default and the court finds the defendant is not indigent, the court may impose imprisonment as provided by law for nonpayment.

> *Comment*: *See generally* **Commonwealth ex rel. Benedict v. Cliff**, 451 Pa. 427, 304 A.2d 158 (1973).
>
> Under this rule, when a defendant fails to pay the fine and costs, the common pleas court judge may issue a bench warrant for the collection of the fine and costs. When a "failure to pay" bench warrant is issued, the bench warrant must be executed by a police officer following the procedures set forth in Rule 431(C)(1)(c) and (C)(2), or, if the defendant is unable to pay, the police officer must proceed as provided in Rule 150 (Bench Warrants).

> Nothing in this rule is intended to abridge any rights the Commonwealth may have in a civil proceeding to collect a fine or costs.

Pa.R.Crim.P. 706.

However, Appellant's complaints are premature. At most, in his petition, Appellant indicates that Lehigh County is attempting to collect the debt and that the Lehigh County Bureau of Collections scheduled some type of hearing. (*See* Petition to Waive Fees or Suspend Collections, at 2-4). At no point does Appellant state that the trial court issued a bench warrant or that Lehigh County has even instituted proceedings to garnish his supplemental security income. (*See id.*). If, in fact, such an event does occur, Appellant may request a hearing pursuant to Rule 706(D). Further, despite Appellant's repeated scurrilous attacks on the trial court in his appellate brief, this Court has no doubt that the court will afford Appellant all due process protections required under Rule 706. (*See generally* Appellant's Brief, at 9-17).

Thus, we find, for the reasons discussed above, that Appellant has waived any attack on the imposition of fees and costs as part of his sentence. Further, his claim that the trial court violated his due process rights and failed to comply with Pa.R.Crim.P. 706 is premature. Accordingly, we affirm the denial of Appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/6/2017