J-S16010-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMIE R. LIPCHIK, | |
| Appellant | No. 556 WDA 2016 |

Appeal from the Judgment of Sentence April 1, 2016
in the Court of Common Pleas of Erie County
Criminal Division at No.: CP-25-CR-0002184-2015

BEFORE:  MOULTON, J., RANSOM, J., and PLATT, J.[*]

CONCURRING AND DISSENTING MEMORANDUM BY PLATT, J.:

**FILED: OCTOBER 24, 2017**

I respectfully concur in part and dissent in part.  I would affirm the judgment of sentence arising out of Appellant's jury conviction of his fourth DUI offense.

I concur with the learned Majority's conclusion that the trial court properly denied the motion to suppress the arresting police officer's testimony about Appellant's refusal to perform field sobriety tests.  (*See* Majority, at *11).  I also agree with the finding that Appellant's refusal to submit to chemical testing (a "blood draw") was properly admitted into

_____

[*] Retired Senior Judge assigned to the Superior Court.

evidence for the consideration of the jury, as provided in 75 Pa.C.S.A. § 1547(e).

However, I am constrained to disagree with the learned Majority's conclusion that the trial court erred in denying Appellant's motion for a mistrial.

Preliminarily, I note that Appellant's motion for a mistrial was untimely. "When an event prejudicial to the defendant occurs during trial only the defendant may move for a mistrial; **the motion shall be made when the event is disclosed.** Otherwise, the trial judge may declare a mistrial only for reasons of manifest necessity." Pa.R.Crim.P. 605(B) (emphasis added); **see also Commonwealth v. Brinkley**, 480 A.2d 980, 986 (Pa. 1984) (affirming denial of counsel's motion for mistrial made on day following first reference to polygraph test, as untimely). Here, similarly, counsel did not move for a mistrial until the next day. I would conclude this motion was also untimely, and, therefore, waived.

I would also reject Appellant's claim on the merits.

> A motion for a mistrial is within the discretion of the trial court. [A] **mistrial** [upon motion of one of the parties] **is required only when an incident is of such a nature that its unavoidable effect is to deprive the appellant of a fair and impartial trial**. It is within the trial court's discretion to determine whether a defendant was prejudiced by the incident that is the basis of a motion for a mistrial. On appeal, our standard of review is whether the trial court abused that discretion.

- 2 -

***Commonwealth v. Tejeda***, 834 A.2d 619, 623 (Pa. Super. 2003)

(citations, footnote, and quotation marks omitted) (emphasis added).

The ***Tejeda*** Court explained further:

> An abuse of discretion is more than an error in judgment. On appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised by the trial court was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.
>
> When the discretion exercised by the trial court is challenged on appeal, the party bringing the challenge bears a heavy burden. . . . [I]t is not sufficient to persuade the appellate court that it might have reached a different conclusion if, in the first place, [it was] charged with the duty imposed on the court below; it is necessary to go further and show an abuse of discretionary power. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will as shown by the evidence of record, discretion is abused. **We emphasize that an abuse of discretion may not be found merely because the appellate court might have reached a different conclusion**. . . .

***Id.*** at 623–24 (citations omitted) (emphasis added).

Here, I find no evidence of partiality, prejudice, bias, or ill-will in the denial of the mistrial. Nor was the denial manifestly unreasonable. I would affirm.

The Majority's main rationale for vacating the judgment of sentence and remanding is that the trial court described Appellant's repeated refusal to perform field sobriety tests or to permit a blood draw as "wrongful." Notably, as confirmed by Appellant's brief, the trial court said "wrongful" in

front of the jury **only twice** (within a few moments of each other) on the first day of trial. (**See** Appellant's Brief, at 6; **see also** N.T. Trial, 2/10/16, at 88 (line 9, and line 15)). Nevertheless, I count at least **five additional** references in the Majority's memorandum to "wrong" or "wrongful," suggesting, however inadvertently, that the trial court repeated "wrongful" to the jury over and over and over.[1] It did not.[2]

At the end of the first day of trial, after testimony concluded but before closing arguments, the court dismissed the jury. The trial court judge explained to counsel that he intervened because the "unspoken inference," (N.T. Trial, 2/10/16, at 91), of defense counsel's assertion was that "you can't draw any inference against it, which is not true, because they can." (**Id.** at 92).

Defense counsel told the trial court judge that he was "worried about the word wrongfully." (**Id.** at 91). After some further discussion, no formal agreement was reached, and no further action was taken by anyone at that time.

_____

[1] Except for the two direct quotations from the trial court transcript, the learned Majority does not reference the source in the record for its numerous quotations of "wrongful." (**See** Majority, at *3, *8, *9). I conclude that the Majority refers to "wrong" or "wrongful" repeatedly as a way to emphasize its principal point rather than to reflect any additional repetitions by the trial court.

[2] There is no dispute that Appellant loudly and belligerently said "refuse, refuse," repeatedly, when asked to submit to field sobriety tests and a blood test. (N.T. Trial, 2/10/16, at 39, 41).

Parenthetically, in my view, defense counsel also waived the entire issue of how to refer to the right to refuse testing when he told the trial court, "I guess — I'm not here to belabor it. I guess maybe I should have said he had the ability to refuse, not the right." (*Id.* at 91). In any event, at the end of the discussion, counsel simply said, "We can discuss this at a later time." (*Id.* at 93).

Instead, the next day, Appellant's counsel filed a motion for a mistrial. The trial court considered the motion in chambers, on the record with both counsel present, and denied it. (*See* N.T. Trial, 2/11/16, at 2-6).

It bears emphasis that the refusal to submit to a blood test, while inarguably permissible under the Implied Consent Law, has serious negative consequences. *See* 75 Pa.C.S.A. § 1547. Most notably, the Legislature has provided for lengthy license suspension (in Appellant's case, based on his prior DUI convictions, eighteen months), adverse evidentiary treatment, and, under then-applicable law, after conviction, sentencing according to a scheme equivalent to conviction for the highest level of blood alcohol content. *See id.*

A panel of this Court has recently decided that "[c]onsistent with . . . federal precedent, this Court has also emphasized that an individual suspected of drunk driving does not have a constitutional right to refuse chemical testing." *Commonwealth v. Bell*, --- A.3d ----, 2017 WL 3046937 (Pa. Super. filed July 19, 2017) at *3.

Here, in my view, the trial court's *sua sponte* comments, while perhaps inartful, were the judge's spontaneous efforts to offer the jury a corrective to the defense counsel's misleading insinuation that Appellant had an absolute right to refuse to take the test, with no further consequences. (**See** N.T. Trial, 2/10/16, at 67) (defense counsel stating "He exercised his right to take the test or not.").

In any event, I would conclude that on the next day in its formal instructions to the jury, the trial court cured any possible harmful effects of its earlier remarks. In the formal charge to the jury the trial court never uttered the word "wrongful." (**See** N.T. Trial, 2/11/16, at 43-45).

To the contrary, in its instructions, the trial court bent over backwards to emphasize to the jury its proper role of finding the facts and weighing the evidence presented:

> But I say again, [whether Appellant refused or not is] for you to determine because you have absolute control over what the facts are. The Commonwealth's view is that he refused. If he refused, then you can take that refusal into account.
>
> What do you do with it? Well, it's a factor to consider. **The refusal doesn't establish the defendant's guilt, certainly not. Okay? And even though I said he had no right to refuse, I'm not implying that either**. I'm simply saying he had a duty to take the test in the circumstances he was in.

(N.T. Trial, 2/11/16, at 43) (emphasis added).

The learned Majority concludes that the court's instructions were inadequate. I respectfully disagree.

Our standard of review of a trial court's jury instructions is well-settled:

> [T]his Court will look to the instructions as a whole, and not simply isolated portions, to determine if the instructions were improper. We further note that [ ] a trial court has broad discretion in phrasing its instructions, and may choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration. Only where there is an abuse of discretion or an inaccurate statement of the law is there reversible error.

*Commonwealth v. Antidormi*, 84 A.3d 736, 754 (Pa. Super. 2014), *appeal denied*, 95 A.3d 275 (Pa. 2014) (citation omitted). Moreover, "[t]he law presumes that the jury will follow the instructions of the court." *Commonwealth v. Brown*, 786 A.2d 961, 971 (Pa. 2001), *cert denied,* 537 U.S. 1187 (2003) (citation omitted).

In my view, the trial court's formal instructions accurately reflected the relevant law.[3] I would also note that Appellant waived any objection to the

---

[3] *See* section 1547 of the Vehicle Code, which in pertinent part provides:

> **(e) Refusal admissible in evidence.**—In any summary proceeding or criminal proceeding in which the defendant is charged with a violation of section 3802 or any other violation of this title arising out of the same action, the fact that the defendant refused to submit to chemical testing **as required** by subsection (a) may be introduced in evidence along with other testimony concerning the circumstances of the refusal. No presumptions shall arise from this evidence but it may be considered along with other factors concerning the charge.

75 Pa.C.S.A. § 1547(e) (emphasis added).

trial court's formal instructions to the jury, not once but twice.[4]  (*See* N.T. Trial, 2/11/16, at 45, 47).  In my opinion, the trial court's final instructions, taken as a whole, cured any errors in its comments the day before, and Appellant, through counsel, waived any challenge to the charge.

The Majority's citation to authority does not require a different result. In **Commonwealth v. Claiborne**, 102 A.2d 900 (Pa. Super. 1953) this Court castigated the trial court judge for "caustic . . . scathing, and, for the most part, frivolous interjections . . . delineat[ing] the tawdry pattern of the trial."  **Id.** at 902; (*see* Majority at *8).  Such misconduct is not at all evident here.  In fact, nothing even similar appears in the record of this case.  Appellant's objections are to the explication of the applicable law, not to judicial behavior.

Similarly, the Majority cites **Commonwealth v. Burwell**, 42 A.3d 1077 (Pa. Super. 2012), for incidental observations about the exalted position of a judge, about which there is no dispute.  **Burwell** is something of a procedural curiosity, which occasioned **four** remands to the trial court. It dealt with a variety of issues, not the least the trial court judge's

---

[4] At the end of the instruction the trial court asked defense counsel if he wanted a sidebar for anything.  Defense counsel did mention the credibility of witnesses, but concluded, "You kind of covered it."  (N.T. Trial, 2/11/16, at 45).  Nevertheless, the trial court added a further explanation of the credibility of witnesses.  (**See id.** at 45-47).  At the conclusion of the supplemental instruction, the trial court again asked if defense counsel had anything further.  Counsel replied, "No."  (**Id.** at 47).

persistent reluctance to provide a compliant opinion as required by Pa.R.A.P. 1925 and his insistence on lecturing this Court on the applicable law. *See id.* at 1083. That judicial behavior (or misbehavior) is not present here.

In any event, the Majority's reliance is misplaced. After the fourth remand, the *Burwell* Court concluded that the objection to the jury instruction (which originally caused it concern) was waived. *See Burwell*, 58 A.3d 790, 795 (Pa. Super. 2012), *appeal denied*, 69 A.3d 242 (Pa. 2013).

As the panel Majority noted in its final *Burwell* decision: "[E]very unwise or irrelevant remark made in course of trial by a judge does not compel the grant of a new trial unless the remark is prejudicial and it may reasonably be said to have deprived the defendant of a fair and impartial trial." *Burwell,* 58 A.3d at 795 n.8 (citing *Commonwealth v. Ryder,* 359 A.2d 379 (Pa. 1976)).

Furthermore, the *Burwell* Court added that "even if this claim were not waived on appeal, we would find that the court's remark constituted harmless error in light of the overwhelming evidence of Burwell's guilt." *Id.*

Similarly here, I would conclude that even if the issue were not waived, it constituted, at most, harmless error in light of the overwhelming evidence of Appellant's guilt. "The accused is entitled to a fair trial, not a perfect trial[.]" *Commonwealth v. West*, 834 A.2d 625, 634 (Pa. Super. 2003), *appeal denied*, 889 A.2d 1216 (Pa. 2005) (citation omitted).

"A mistrial is required only when an incident is of such a nature that its unavoidable effect is to deprive the appellant of a fair and impartial trial." *Tejeda*, *supra* at 623. On this record, I would conclude that Appellant was not deprived of a fair and impartial trial. I would affirm the judgment of sentence.

Accordingly, I respectfully concur in part and dissent in part.