J-S19030-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                               :                 PENNSYLVANIA
                                               :

               v.                                       :
                                               :
                                             :

DORIAN KAY PRICE                      :
                                             :

           Appellant                 :        No. 1269 MDA 2022

Appeal from the Judgment of Sentence Entered July 15, 2022
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0003791-2020

BEFORE:  BENDER, P.J.E., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY McLAUGHLIN, J.:     **FILED: SEPTEMBER 26, 2023**

Dorian Kay Price appeals from the judgment of sentence entered following her guilty plea to theft by failure to make required disposition of funds received.[1] Price's sentence included an order of restitution. She argues that the court illegally ordered her to sell a vehicle that she bought with proceeds of her crime and to pay the money she obtained from the sale toward her restitution. We affirm.

Price pleaded guilty to having used money and sold property belonging to her elderly mother, who was in assisted living, for her own purposes. The trial court accurately summarized the facts as follows:

> On August 10, 2018, the Springettsbury Township Police Department received a report from one Diane Gee alleging theft. Ms. Gee is a resident of an assisted living facility, Brunswick at Longstown, and suffers from dementia. It was reported that Ms.

---

[1] 18 Pa.C.S.A. § 3927(a).

Gee's daughter, Dorian Price, the [appellant], had "sold all of [Ms. Gee's] jewelry and her home and had moved to Texas with the proceeds." It was noted that [Price] became Ms. Gee's power of attorney on February 28, 2017.

In December of 2018, the affiant [of the affidavit of probable cause] met with York County Area Agency on Aging case worker Patricia White. Ms. White indicated that Ms. Gee had an outstanding balance for several month's rent at Brunswick at Longstown. It was additionally indicated that [Price] had opened joint bank accounts and credit lines in Ms. Gee and [Price's] names, without Ms. Gee's consent. Ms. White provided . . . documentation regarding a PSECU member account in Ms. Gee's name, with [Price] listed as a joint owner. It was further provided that [Price] had independently opened a PNC account with Ms. Gee and herself being listed as joint owners.

[Price] had been using portions of Ms. Gee's personal funds to support [Price's] lifestyle and personal expenses. It was noted that Ms. Gee's primary sources of income are a pension plan and social security payments. Records indicated that [Price] had very little income to contribute to either account.

It was determined that [Price] accrued a total of $20,164.94 against a credit line that was associated with Ms. Gee's PSECU account between January 1, 2017, and December 19, 2018. It was apparent to the affiant that, based upon the frequency and nature of the expenditures listed, including online purchases, cigarettes, travel, food, and other expenses, that the accrual of debt could not have been attributed to supporting the well[-]being of Ms. Gee. A transaction that was particularly of note . . . was an electronic deposit of $47,410.00 into the PSECU checking account on April 20, 2017. The deposit was directly connected to the online sale of Ms. Gee's bullion/coin through Nationwide Coin and Bullion Reserve. [Price] indicated that she did in fact sell Ms. Gee's coin, as well as Ms. Gee's residence.

With regards to the PSECU account, [Price] had diminished the account balance on a monthly basis. It was alleged that [Price] strategically deposited/transferred funds from secondary accounts to satisfy expenditures, only to export the funds later. A deposit of $47,181.84 had been electronically deposited in the joint PNC account on April 26, 2018, and was immediately transferred out of the account to a PNC account, which was held solely in [Price's]

- 2 -

name. [Ms. Gee's] residence was sold on April 26, 2018 by [Price] acting as Ms. Gee's agent.

* * *

In addition to using Ms. Gee's funds for her personal funds, [Price] also provided funds to her daughter on at least three different occasions. . . . These payments to [Price's daughter] were used to pay off student loan debt and an outstanding automobile loan.

[Price] further indicated that she maintained financial accounts for Ms. Gee and assisted with paying Ms. Gee's bills. It was then admitted that [Price] had used some of the funds to purchase items for herself. It was then indicated that [Price] had received roughly $47,000 for Ms. Gee's residence and that the funds were deposited into the joint PNC bank account. Further, [Price] alleged that she made a $13,000.00 payment to Brunswick at Longstown in an attempt to satisfy the delinquent rent for her mother. [Price] had used the remaining proceeds of the sale of her mother's residence to purchase items such as groceries on Amazon.com. [Price] agreed that she should not have used Ms. Gee's funds for her personal use and stated, "I know I need to make it right, I have known that for a while."

Trial Court Rule 1925(a) Opinion, filed 11/4/22, at 1-5 (citations omitted).

The trial court sentenced Price to serve 60 months of probation and to pay $100,000 in restitution. *Id.* at 5. Price timely appealed. At issue in this appeal is the court's order directing Price to sell a 2014 Jeep Compass that she purchased with funds stolen from Ms. Gee within 30 days of sentencing and to use the proceeds to pay a lump sum portion of the restitution. *Id.*

Price raises the following issue:

Whether the trial court imposed an illegal sentence when it ordered Ms. Price to sell her vehicle and apply the proceeds towards her restitution where there is no statutory authority that would empower the court to order Ms. Price to sell her personal property?

Price's Br. at 4.

Price argues that there is no statutory authority that allows a court to order a defendant to sell a specific piece of personal property to pay restitution. *Id.* at 10. She maintains that the restitution statute limits payment to the return of the property of the victim or payments in cash or cash equivalent. *Id.* at 11. Price argues that the Jeep, while purchased with the money of the victim, was not the property of the victim and "[f]orcing [] Price to sell her vehicle is not a return of the victim's property or a payment in cash or its equivalent." *Id.* at 11-12, 13. In her view, the court crafted an illegal sentence when it ordered her to sell the vehicle. *Id.* at 14-15.

Price's argument goes to the legality of her sentence.[2] *See Commonwealth v. Oree*, 911 A.2d 169, 173 (Pa.Super. 2006). "The determination as to whether the trial court imposed an illegal sentence is a question of law; [our] standard of review in cases dealing with questions of law is plenary." *Commonwealth v. Crosley*, 180 A.3d 761, 771 (Pa.Super. 2018) (citation omitted).

Restitution is authorized by Section 1106 of the Crimes Code. That section defines restitution as "[t]he return of the property of the victim or payments in cash or the equivalent thereof pursuant to an order of the court." 18 Pa.C.S.A. § 1106(h). It further provides:

---

[2] Price has abandoned her challenge to discretionary aspects of her sentence. *See* Price's Br. at 11 n.2.

(2) At the time of sentencing the court shall specify the amount and method of restitution. In determining the amount and method of restitution, the court:

(i) Shall consider the extent of injury suffered by the victim, the victim's request for restitution as presented to the district attorney in accordance with paragraph (4) and such other matters as it deems appropriate.

(ii) May order restitution in a lump sum, by monthly installments, or according to such other schedule as it deems just.

18 Pa.C.S.A. § 1106(c)(2)(i)-(ii).

Section 1106 is intended "to provide the victim with [the] fullest compensation for his losses incurred as a direct result of the defendant's criminal conduct[.]" **Commonwealth v. Burwell**, 58 A.3d 790, 794 (Pa.Super. 2012); **see also** 18 Pa.C.S.A. § 1106(c)(1)(i).

Contrary to Price's argument, the restitution that was ordered by the trial court is authorized by statute. Section 1106(c)(2) plainly states that the court shall determine the "method of restitution." Here, the court specified the means by which Price is to pay restitution, namely with the proceeds from the sale of property bought with the stolen funds. The court also outlined a time in which she is to complete the sale and apply the proceeds as a lump sum payment. In fashioning such a sentence, the court properly considered the fact the victim's assets were used to fund the purchase and the victim had a right to recover what was stolen from her by Price. Accordingly, we find no error by the trial court.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/26/2023