J-S09034-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ULYSSES JAVIER CORTES | : | |
| | : | |
| Appellant | : | No. 1237 EDA 2023 |

Appeal from the Judgment of Sentence Entered April 13, 2023
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0003244-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ULYSSES JAVIER CORTES | : | |
| | : | |
| Appellant | : | No. 1322 EDA 2023 |

Appeal from the Judgment of Sentence Entered April 13, 2023
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0004172-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ULYSSES JAVIER CORTES | : | |
| | : | |
| Appellant | : | No. 1326 EDA 2023 |

Appeal from the Judgment of Sentence Entered April 13, 2023
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0003243-2021

BEFORE:  PANELLA, P.J.E., NICHOLS, J., and BECK, J.

JUDGMENT ORDER BY BECK, J.:                    **FILED MARCH 20, 2024**

Ulysses Javier Cortes appeals from the judgment of sentence imposed following the revocation of his parole in three separate cases. On appeal, Cortes' appellate counsel, Attorney Michael E. Brunnabend ("Attorney Brunnabend") has filed an application to withdraw as counsel pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We conclude, however, that Attorney Brunnabend has not fulfilled the technical mandates of ***Anders***/***Santiago*** based upon his indication to Cortes that he has the right to proceed with the appeal, in relevant part, by requesting that this Court appoint "alternative" counsel. Because Attorney Brunnabend failed to comply with the technical requirements of ***Anders***/***Santiago***, we instruct him to cure the defect before we address the appeal.

Pursuant to ***Anders***/***Santiago***, when an attorney believes that an appeal is wholly frivolous and wishes to withdraw as counsel, he or she must

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention.

***Commonwealth v. Burwell***, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citations omitted). More specifically, regarding third obligation, counsel must

- 2 -

advise the "client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the [*Anders*/*Santiago*] brief." *Commonwealth v. Orellana*, 86 A.3d 877, 880 (Pa. Super. 2014) (citation and quotation marks omitted).

In his letter to Cortes explaining his application to withdraw, Attorney Brunnabend informed Cortes that he could proceed with the appeal by "obtain[ing] counsel of your own choosing, or request[ing] the appointment of counsel from the Superior Court or the local Court should you feel that there is a reason for the same." Letter, 10/26/23, at 2-3 (unnumbered); *see also* Application to Withdraw as Counsel, 10/26/23, ¶ 6 ("The Defendant, [Cortes], has further been advised that he has the right to proceed with this appeal by the filing of his own responsive brief … pro se, or by proceeding with counsel of his own choosing, and retain such counsel[,] or[] by requesting from the Court the appointment of other alternative counsel, if he should so choose.").

There is no authority providing for the appointment of new counsel by this Court when counsel has filed an application to withdraw pursuant to *Anders*/*Santiago*. *See Commonwealth v. Millisock*, 873 A.2d 748, 752 (Pa. Super. 2005) (denying counsel's motion to withdraw where counsel incorrectly stated that appellant was entitled to "different court-appointed counsel."). Pointedly, this Court has previously informed Attorney Brunnabend that such a statement to a client as part of an application to

withdraw pursuant to **Anders**/**Santiago** is erroneous and unsupported by the law. **See, e.g., Commonwealth v. Hein**, 3053 EDA 2022, 2023 WL 6378110 at *2 n.3 (Pa. Super. Sept. 29, 2023) (non-precedential decision) (allowing Attorney Brunnabend to withdraw representation despite the fact his letter to appellant and petition to withdraw informed appellant that he "was entitled to appointment of new or 'alternative' counsel," but cautioning "counsel to refrain from suggesting this option in the future"); **Commonwealth v. Coles**, 1277 EDA 2022, 2023 WL 2544661 at *2 (Pa. Super. Mar. 17, 2023) (non-precedential decision) (noting that in his petition to withdraw, Attorney Brunnabend incorrectly advised appellant of a purported right to new counsel "by requesting from the Court the appointment of other alternative counsel, if he should so choose").

Therefore, we direct Attorney Brunnabend to file a proper application to withdraw as counsel, correctly informing Cortes of his rights within 10 days of the filing of this Judgment Order. Additionally, Cortes shall be given the opportunity, if he chooses, to file a brief pro se or with new counsel within 45 days of receiving Attorney Brunnabend's application to withdraw as counsel. **See Commonwealth v. Woods**, 939 A.2d 896, 901 (Pa. Super. 2007); **Millisock**, 873 A.2d at 752.

Application to withdraw as counsel denied. Jurisdiction retained.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/20/2024